Carold J. WORTHAM, Individually and as Independent Administratix of the Estate of Hugh Wortham, Deceased, Robin Johnson, and Lance Wortham, Appellants,

v.

DOW CHEMICAL COMPANY, Appellee.

No. 14–03–00984–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 27, 2005.

**192**

Richard DeWayne Collins, Richard J. Clarkson, Beaumont, for appellants.

Patricia Chamblin, Beaumont, Peter John Strelitz, Austin, for appellee.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In this asbestos-related personal injury case, appellants, Carold J. Wortham, individually and as Administratix of the Estate of Hugh Wortham, and her two children, Robin Johnson and Lance Wortham, challenge the trial court's orders granting summary judgment in favor of appellee, Dow Chemical Company ("Dow"). In summary, appellants argue the trial court erred in granting summary judgment for the following reasons: (1) the trial court granted a no-evidence summary judgment based on Dow's affirmative defenses, which are not a proper basis for summary judgment; (2) there is an alleged defect in Dow's notice of hearing as to its second motion for summary judgment; (3) the trial court improperly granted summary judgment based on grounds not raised by Dow; and (4) Dow's no-evidence motion for summary judgment does not satisfy the requirements of Rule 166a(i).[1] Finding no merit in the alleged errors asserted by appellants, we affirm the trial court's judgment.

### I. FACTUAL BACKGROUND

Hugh Wortham worked as an employee of the Dow Badische Company[2] from approximately 1962 through 1996. Following his death from lung cancer, appellants filed this personal injury and wrongful death and survival action against thirty-one defendants, claiming Wortham's death was due to asbestos exposure.[3] Appellants filed suit against Dow as the successor-in-

---

1. Appellants also argue in their brief that Dow did not file sworn denials as to appellants' claims against it in its alleged capacities as successor-in-interest, joint venturer, and single business enterprise. However, at oral argument, appellants stated they were abandoning this issue. Therefore, we do not address it.

2. In 1958, Dow and BASF Overzee, N.V., entered into an agreement, forming the Dow Badische Company. In 1978, Dow sold its stock in Dow Badische to the Luchem Corporation.

3. The other defendants are not parties to this appeal.

interest to Dow Badische. They also alleged Dow was liable under a theory of joint venture, and asserted negligence and gross negligence claims against Dow.

In the trial court Dow filed two summary judgment motions. The first motion requested summary judgment on (1) appellants' successor-in-interest claims, (2) "potential" claims appellants had regarding Dow's engineering or construction services provided to Dow Badische based on a statute of repose defense, and (3) negligence claims on no-evidence grounds. Dow's second motion for summary judgment addressed appellants' claim that Dow was liable as a joint venturer. The trial court granted both motions.[4]

## II. Discussion

Although appellants expressly list six issues for our review, they assert arguments under fourteen separate headings that sometimes overlap on the issues expressly stated and raise issues not expressly stated.[5] Central to all the issues raised, however, is the procedural history of the case and thus, we begin by setting out that history in detail.

4. The trial court subsequently issued a final judgment regarding the other defendants, rendering the interlocutory summary judgment orders final. This appeal then ensued.

5. For example, one issue stated by appellants is: "Dow fatally failed to follow the require-ments for the filing of a[ ] No–Evidence Motion for Summary Judgment." But, other than arguing that Dow moved for a no-evidence summary judgment on affirmative defenses, appellants do not otherwise argue the alleged defective nature of the motion. The other issues expressly presented for our review are listed by appellants as follows: (1) The trial court erred in granting the motion for summary judgment; (2) The trial court erred in granting a no-evidence summary judgment "pursuant to Texas Rule of Civil Procedure 166a(i) on affirmative defenses:

## A. Procedural History

In their second amended petition, the operative pleading when Dow filed its first summary judgment motion, appellants sued Dow as a successor-in-interest to Dow Badische, asserting various causes of action and pleading general allegations against all thirty-one defendants. Appellants claimed they were suing for the personal injury and death of Wortham "inflicted by negligent, gross negligent, fraud, deceit, misrepresentations and defective products of the defendants." They also alleged the defendants had (1) negligently and intentionally caused Wortham to be fatally exposed to asbestos; (2) made, sold, specified, or used asbestos-containing products that were defective and unreasonably dangerous; (3) conspired to suppress information regarding asbestos; and (4) intentionally failed to "protect, warn, instruct or otherwise prevent" exposure which was grossly negligent and constituted battery. There were no specific—nor general—allegations directly against Dow in appellants' second amended petition; all references to Dow were only as successor-in-interest to Dow Badische.

statute of repose, successor-in-interest[,] joint venture and single business enterprise"; (3) The trial court erred in granting a summary judgment on "Wortham's claims that Dow was a co-conspirator to commit various intentional torts. This was not an issue raised in Dow's motions for summary judgment;" (4) The trial court erred in granting both motions for summary judgment "because the suit brought against Dow in its capacities as successor-in-interest joint adventurer and single business enterprise were never denied by affidavit as required by Texas Rule of Civil Procedure 93"; (5) The trial court erred in its "order of April 28, 2003, granting the two Motions for Summary Judgment 'as to all causes of action' [alleged]. Not all of Wortham's causes of action were addressed in either the first or [s]econd [m]otions."

In response to these allegations, Dow moved for summary judgment claiming it was not the legal corporate successor to Dow Badische and could not be held liable for the actions of Dow Badische. Dow averred that it sold its stock in Dow Badische in 1978 and divested itself of any interest in the company. Dow also asserted that Dow Badische was a separate corporation, operated at arm's length from any Dow facilities, and that BASF was in fact the successor-in-interest to Dow Badische. Dow also argued that any "potential" claims concerning engineering and construction services were barred by limitations and moved for a no-evidence summary judgment on appellants' negligence claims, arguing there was no evidence of a duty owed or breached.

Appellants requested leave to timely file a third amended petition, stating in part, "[t]he Third Amended Petition amends Plaintiffs' claims to assert a direct cause of action against Dow for its negligence in failing to warn or protect [Wortham] from asbestos exposure, and in negligently providing health and safety services." In their third amended petition, appellants again named Dow as the successor-in-interest to Dow Badische and reasserted many of the same general allegations as contained in their second amended petition. The new pleading, however, contained the following allegations not contained in the second amended petition:

> For a significant period of time that [Wortham] was employed for Dow Badische, Dow Badische was a joint venture between Dow Chemical Company and BASF. The Dow Chemical Company maintained control over the premises at Dow Badische where [Wortham] worked

by specifying that asbestos insulation products be used on the premises and by controlling safety on the premises. Further, the Dow Chemical Company provided services to Dow Badische in the nature of safety and health during the relevant time periods. The Dow Chemical Company was negligent and grossly negligent in failing to detect and prevent asbestos exposures to [Wortham], to warn [Wortham] of the dangers of exposures to asbestos and asbestos-containing products, or to recommend personal protective equipment to aid in the protection of [Wortham] from exposure to asbestos.

In essentially all other respects, appellants' third amended petition contained the exact same allegations as in the previous pleading.[6]

After a hearing on appellants' motion for leave to file the third amended petition, the trial court issued a letter stating, in part, the following:

> Since the new petition pleads a single new cause of action—i.e. joint venture between Dow and Badische—plus the same causes of action as pled in the Second Amended Petition, my rulings on Dow's motion . . . do not include a ruling on joint venture. Dow can file a subsequent motion . . . as to that cause of action.
>
> * * * *
>
> Finally, let me address the newly pled joint venture issue so there will be no misunderstanding at the next summary judgment hearing. The Third Amended Petition pleads that a joint venture existed because (1) Dow maintained control over Badische's premises by specifying that insulation products be used on

---

**6.** Appellants also amended the paragraph containing their general allegation number 2 listed previously, to include allegations that the "defendants . . . provided, supplied or installed asbestos-containing products which were defective and unreasonably dangerous as designed, manufactured and marketed."

the premises, and (2) Dow controlled safety on the Badische premises.

In its subsequent order, the trial court granted summary judgment in favor of Dow on all appellants' claims against Dow as a successor-in-interest and on the claims regarding Dow's specification of insulation products. The order also reiterated that the only "new cause of action" asserted against Dow in the third amended petition was the joint venture claim, this issue was not considered in the order, and Dow was free to file a motion for summary judgment on that claim.[7] Dow then filed its second summary judgment motion, addressing the joint venture issue on both traditional and no-evidence summary judgment grounds. Following a hearing, the trial court issued an amended order granting both Dow's first and second summary judgment motions as to all causes of action alleged by appellants against Dow.

We begin our discussion of the case by first examining the procedural issues raised by appellants.

## B. Procedural Issues

### 1. Did the trial court improperly grant a no-evidence summary judgment on affirmative defenses?

■ Appellants argue on appeal that the trial court erred because it granted Dow a no-evidence summary judgment on its affirmative defenses, that is, successor-in-interest liability and the statute of repose defense. Correctly, appellants assert that a no-evidence summary judgment cannot be granted on an affirmative defense. See Nowak v. DAS Inv. Corp., 110 S.W.3d 677, 680 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (stating a party may not

properly move for a no-evidence summary judgment on a claim or defense on which it has the burden of proof). But, though appellants correctly state the law regarding this issue, it is inapplicable in this case.

In its first summary judgment motion, Dow argued that appellants had no evidence to support their negligence claims. But, as to the successor-in-interest allegations, Dow moved for a traditional summary judgment and attached supporting evidence. Likewise, Dow's statute of repose argument was also contained in the traditional summary judgment portion of its motion and Dow furnished evidence relating to that argument. Thus, the record does not support appellants' contention, that the trial court erred by granting Dow a no-evidence summary judgment on these affirmative defenses.

■ As to this issue, appellants also argue that Dow could not successfully move for a no-evidence summary judgment on the joint venture claim, because it too is an affirmative defense. It is well settled, however, that a party seeking to establish the existence of a joint venture—here, appellants—have the burden to prove the matter. See Ben Fitzgerald Realty Co. v. Muller, 846 S.W.2d 110, 120 (Tex.App.-Tyler 1993, writ denied); Gutierrez v. Yancey, 650 S.W.2d 169, 171 (Tex.App.-San Antonio 1983, no writ). Because appellants had the burden to prove the existence of the joint venture, Dow could properly move for a no-evidence summary judgment on that issue. Moreover, Dow's motion addressing the joint venture allegation was both a traditional and no-evidence motion.[8]

---

7. The trial court's order also granted summary judgment to Dow on appellants' conspiracy claim.

8. In this issue, appellants do not argue that Dow's evidence in support of either motion was insufficient nor that their responsive evidence raised a fact issue on these claims. Appellants only argue that the trial court

### a. Single business enterprise

Appellants also refer to a "single business enterprise" theory in their claim that the trial court erred in granting summary judgment on Dow's affirmative defenses; however, as Dow points out, it did not move for, and the trial court did not grant, a no-evidence summary judgment on that issue.

In a related argument, appellants assert that Dow failed to establish Dow Badische was not its "single business enterprise" as a matter of law. Dow argues that it was appellants' burden to plead and prove the theory, which they failed to do. We agree.

■■■ Assuming Texas law recognizes the single business enterprise theory as a basis for disregarding the corporate fiction,[9] it was appellants' burden to plead and prove the theory. See *Villanueva v. Astroworld, Inc.*, 866 S.W.2d 690, 695 (Tex. App.-Houston [1st Dist.] 1993, writ denied). Appellants did not plead the "single business enterprise" theory or otherwise raise the issue in the trial court. Further, they make no other argument on appeal regarding the doctrine. Thus, because the single business enterprise theory was not raised in the trial court, we do not consider it as a ground for reversal on appeal. See Tex.R. Civ. P. 166a(c); *McConnell v.*

erred in granting a no-evidence summary judgment on affirmative defenses.

9. Under the "single business enterprise" theory, when two or more corporations are operated as integrated entities, using resources to achieve a common business purpose, each constituent corporation may be held liable for debts incurred "in pursuit of that business purpose." *Old Republic Ins. Co. v. Ex–Im Servs. Corp.*, 920 S.W.2d 393, 395–96 (Tex. App.-Houston [1st Dist.] 1996, no writ). A number of this state's appellate courts have recognized the theory as a means of disregarding corporate forms, including this court. *See, e.g., N. Am. Van Lines, Inc. v. Emmons*, 50 S.W.3d 103, 120–21 (Tex.App.-Beaumont

*Southside Indp. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993).

Appellants do argue, however, that their general prayer for relief sufficed to plead the single business theory. They contend that, because the doctrine is an equitable one and they requested any equitable relief to which they were entitled in their prayer, they pleaded the theory. We reject this contention.

■■■ The purpose of pleadings is to give the parties fair notice of claims, defenses, and relief sought. See Tex.R. Civ. P. 47; *Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 (Tex.1991). Construing a general prayer for relief as subsuming *any* equitable or legal doctrine simply by including those terms in the prayer, would not serve the purpose of our pleading rules. *See Tex. Indus., Inc. v. Vaughan*, 919 S.W.2d 798, 803 (Tex. App.-Houston [14th Dist.] 1996, writ denied) (rejecting argument that general prayer for "such other relief . . . to which plaintiff may be entitled" adequately apprised party of damages that would be sought in light of particular damages requested in pleadings); *Cearley v. Cearley*, 331 S.W.2d 510, 512 (Tex.Civ.App.-Dallas 1960, no writ).

### 2. Defective notice of the summary judgment hearing

2001, pet. denied); *Paramount Petroleum Corp. v. Taylor Rental Ctr.*, 712 S.W.2d 534, 536 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) (citing *Allright Tex., Inc. v. Simons*, 501 S.W.2d 145, 150 (Tex.Civ.App.-Houston [1st Dist.] 1973, writ ref'd n.r.e.), and *Murphy Bros. Chevrolet v. E. Oakland Auto Auction*, 437 S.W.2d 272, 275–76 (Tex. Civ.App.-El Paso 1969, writ ref'd n.r.e.)). But, in *Southern Union Co. v. City of Edinburg*, 129 S.W.3d 74, 86–87 (Tex.2003), the supreme court noted that it has never considered the "single business enterprise" theory in any detail and declined to decide whether it was a necessary addition to Texas law.

Appellants also argue that Dow's notice of hearing on the second summary judgment motion was defective because the notice referred only to the second motion, although issues raised in the first summary judgment motion were addressed in the hearing. Dow responds that appellants were in fact aware that the issues resolved by the first summary judgment order would be addressed in the hearing on the second motion because appellants re-urged some of those issues in their response; therefore, appellants cannot show any harm. Dow also contends that appellants sent the notice for the hearing on the second motion and moreover, because appellants failed to raise this issue in the trial court, any complaints regarding the notice have been waived.

■■■ We agree with Dow that this issue has not been preserved for our review. Generally, a complaint concerning notice is required to be in writing and before the court at the summary judgment hearing. *Hall v. Lone Star Gas Co.*, 954 S.W.2d 174, 177 (Tex.App.-Austin 1997, pet. denied); *see also* TEX.R. CIV. P. 166a(c) (stating that issues not expressly presented to the trial court cannot be considered on appeal as grounds for reversal). Although in certain cases, the complainant may not have an opportunity to present objections until after the entry of summary judgment, the complainant is still required to set forth any objections in a post-judgment motion. *See id.* Here, there is no post-judgment motion in which appellants complained of improper notice and therefore, the issue has not been preserved for review.

■■■ In addition, the primary purpose of the notice requirement under Rule 166a(c) is to allow the non-movant to calculate the date on which his response or opposing affidavits are due. *Goode v. Avis Rent–A–Car, Inc.*, 832 S.W.2d 202, 204 (Tex.App.-Houston [1st Dist.] 1992, writ denied); *see Tafollo v. Southwestern Bell Tel. Co.*, 738 S.W.2d 306, 307 (Tex.App.-Houston [14th Dist.] 1987, no writ). Here, appellants had already filed their response and had, in fact, sent notice of the hearing themselves.[10]

In sum, we overrule appellants' issues asserting the trial court erred in granting a no-evidence summary judgment in favor of Dow based on affirmative defenses, including their argument regarding the single business enterprise theory. Further, because appellants have waived their complaint regarding alleged improper notice of the second summary judgment hearing, we overrule that issue as well. We now address the propriety of the trial court's summary judgment in favor of Dow.

**B. Summary Judgment in Favor of Dow**

*1. Appellants' "Malooly" Issue*

In their first issue on appeal, appellants state "[t]he trial court erred in granting the motion for summary judgment." The extent of appellants' supporting argument regarding this issue is as follows: "Issue one in this brief is recommended in all Summary Judgment appeals by the Supreme Court." Appellants then cite to *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970).

---

**10.** Following the trial court's order on the first summary judgment, Dow filed its second motion addressing appellants' joint venture claim. Attached to Dow's second motion was a notice of oral hearing, setting a hearing on the motion for April 29, 2003. On April 7, appellants filed their response to the second motion. Two days later, on April 9, appellants' counsel filed a notice of hearing on the second motion, cancelling the April 29 hearing and resetting it for April 11.

In *Malooly*, the Texas Supreme Court noted that a general statement, such as the one presented by appellants, is sufficient "to allow argument as to all the possible grounds upon which summary judgment should have been denied." *Id.* There appears to be some disagreement between the intermediate appellate courts as to whether a general *"Malooly"* issue statement suffices to challenge every ground asserted in the summary judgment motion, even if the appellant fails to present an argument on every ground. *See Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 669–70 (Tex.App.-Texarkana 1996, writ denied) (noting disagreement among the courts). Some courts, including this one, have determined that a general *Malooly* issue statement only preserves a complaint if the ground challenged on appeal is supported by argument. *See, e.g., Cruikshank v. Consumer Direct Mortgage, Inc.*, 138 S.W.3d 497, 502–03 (Tex.App.-Houston [14th Dist.] 2004, pet. denied); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 958–59 (Tex.App.-Corpus Christi 1998, no pet.) (concluding that *Malooly* allowed the non-movant to argue broadly on appeal under a general point of error, but it did not relieve an appellant of the burden to challenge the grounds for the summary judgment and to present argument for his case on appeal).[11] Consequently, this first issue presents nothing for our review. To the extent appellants *argue* that summary judgment on particular grounds is error, we address those arguments as raised.

### 2. Were Appellants' Intentional Tort Claims Addressed in the Trial Court?

Appellants present two issues in which they expressly state that not all of their causes of action were addressed in Dow's motions. In one of those issues, they argue the motions did not address their allegations that Dow's conduct was grossly negligent and constituted battery, and their conspiracy claim. They contend that because Dow's first summary judgment motion challenged only their negligence claims, the trial court erred in granting summary judgment on their intentional tort claims. We now address the first of these two issues.

Appellants construe their pleadings to assert general allegations against all the "defendants" named. However, appellants named Dow only as a successor-in-interest to Dow Badische. We do not construe appellant's pleadings to have asserted all general allegations against Dow.

Texas follows a "fair notice" standard for pleading. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex.2000); *see also* TEX.R. CIV. P. 45. Generally, a pleading provides fair notice of a claim when an opposing attorney of reasonable competence can examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony. *Auld*, 34 S.W.3d at 896; *State Fid. Mortgage Co. v. Varner*, 740 S.W.2d 477, 479 (Tex.App.-Houston [1st Dist.] 1987, writ denied). In determining whether a cause of action has been pleaded, the court must be able, "from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty the elements of a cause of action and the relief sought with sufficient particularity upon which a judgment may be based."

11. *See also Judson 88 Partners v. Plunkett & Gibson, Inc.*, No. 14–99–00287–CV, 2000 WL 977402, *2 n. 2 (Tex.App.-Houston [14th Dist.] May 18, 2000, no pet.) (not designated for publication) (noting that *Malooly* holds that "even a broad point of error must still be supported by argument challenging each independent summary judgment ground.... Otherwise, the assertion of a broad point of error would shift the burden to the appellate court to search the record for grounds on which to reverse the summary judgment.")

*Coffey v. Johnson,* 142 S.W.3d 414, 417 (Tex.App.-Eastland 2004, pet. denied) (citing *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979)). The court looks to the pleader's intent and will uphold the pleading as to a cause of action even if some element of that cause of action has not been specifically alleged. *See Auld,* 34 S.W.3d at 897. Petitions are construed liberally in favor of the pleader. *See id.* (noting that if no special exceptions are filed, courts should construe pleadings liberally in favor of the pleader). But, "liberally" does not require a court to read into a petition what is plainly not there. *See Toles v. Toles,* 113 S.W.3d 899, 911 (Tex.App.-Dallas 2003, no pet.).

Here, in their second amended petition, appellants named Dow as a defendant in its capacity as the successor-in-interest to Dow Badische. There were no direct allegations against Dow contained in that pleading. In their third amended petition, appellants carried these allegations forward, again naming Dow as defendant in a successor-in-interest capacity and asserting the same general allegations against the "defendants" collectively. Apart from these general allegations, appellants included one paragraph containing specific allegations of Dow's liability as a joint venturer and asserting the claims of negligence and gross negligence against Dow, suggesting that appellants' intent in amending the pleading was only to include those specific allegations contained in that one paragraph. Further, as reflected in their motion for leave to file the third amended petition, appellants themselves construed their pleadings in this manner,

stating in the motion: "The Third Amended Petition amends Plaintiffs' claims to assert a *direct cause of action* against Dow for its negligence in failing to warn or protect [Wortham] from asbestos exposure, and in negligently providing health and safety services." (Emphasis added). The trial court also construed appellants' third amended pleading similarly, stating in its letter to the parties that the third amended petition alleged "the same causes of action as pled in the Second Amended Petition," with the exception of the joint venture allegation. It is also apparent from Dow's first summary judgment motion that its counsel construed appellants' pleadings to allege only claims against Dow in its capacity as the successor-in-interest to Dow Badische, noting in the motion that "[w]hile the only allegations in the petition ... concerning Dow and the allegations that Dow is the corporate successor to Dow Badische."[12]

We construe the allegations of appellants' petitions as did the trial court and the parties. *See Morriss v. Enron Oil & Gas Co.,* 948 S.W.2d 858, 872 n. 14 (Tex. App.-San Antonio 1997, no writ) (noting that pleadings should be construed as the parties construed them, stating "if a plaintiff insists that a contract action is a tort action, his pleadings will be given the construction that he has given them and acted upon."). Appellants' general allegations were against Dow as the successor-in-interest to Dow Badische and the direct claims against Dow were those alleged in the additional paragraph contained in the

---

**12.** After stating this, Dow continued, "there is also testimony in the case" regarding engineering and construction services provided by Dow and moved for summary judgment on appellants' "potential" claims for providing these services, and in the no-evidence portion of its motion, Dow asserted appellants could not recover on any other claim or right against it. Thus, although Dow moved for summary judgment on issues other than the successor-in-interest claims, it did so based on the evidence in the case and not on appellants' pleadings.

third amended petition, that is, joint venture, negligence and gross negligence.[13]

### a. Successor-in-interest claims

■ Dow moved for a traditional summary judgment on appellants' successor-in-interest claims, arguing that it was not the legal corporate successor to Dow Badische and could not be held liable for the actions of Dow Badische. Dow stated it sold its stock in Dow Badische in 1978 and divested itself of any interest in that company. Dow also asserted that Dow Badische was a separate corporation, operated at arm's length from any Dow facilities and further, that BASF was the successor-in-interest to Dow Badische. Dow attached summary judgment evidence in support of its assertions. Appellants did not challenge the sufficiency of Dow's evidence on this issue in the trial court, or suggest a fact issue existed on that claim. They do not challenge Dow's evidence on appeal. Accordingly, we overrule appellants' arguments and issues in which they contend that Dow's motions failed to address their claims of intentional tort, including battery, deceit, equity, fraud, and misrepresentations because these claims were alleged against Dow as the successor-in-interest to Dow Badische and were addressed in Dow's first summary judgment motion.

### 2. Appellants' Joint Venture Claims

■ Appellants argue on appeal that Dow failed to establish as a matter of law that Dow Badische was not its "joint venture," however, appellants have waived this issue for our review.

In their response to Dow's second summary judgment motion, challenging the joint venture theory of liability on both traditional and no-evidence grounds, appellants argued only that (1) their previous pleadings alleged Dow was liable under the theories of negligence, gross negligence and strict products liability; (2) the court's previous order did not grant summary judgment on these claims; and (3) therefore, these issues remained in the lawsuit. This was appellants' complete argument in response to Dow's summary judgment motion on the joint venture ground. They did not assert that a fact issue existed on joint venture or otherwise argue that summary judgment on the matter was precluded. In fact, in their response, appellants incorporated their previous response to Dow's first motion only for the express purpose of "substantiat[ing] their allegations as to why [appellants'] causes of action sounding in negligence, gross negligence, and strict products liability remain at issue in this case." In addition, in the conclusion to their response, appellants stated that the court "should grant Dow's motion for Summary Judgment *only* as to the allegation that Dow is liable under the theory of joint venture and Order that [appellants'] negligence, gross negligence and strict products liability causes of action are still at issue in this case."

---

**13.** In addition, the general allegations against Dow in its capacity as the successor-in-interest to Dow Badische did not serve to notify Dow that appellants sought recovery on those causes of action against Dow directly. *See Monsanto Co. v. Milam*, 480 S.W.2d 259, 263 (Tex.App.-Houston [14th Dist.] 1972) (relying on cases that concluded plaintiff's pleadings gave no indication to defendants of an intent to hold them liable for acts done by another, because the plaintiff's petition "informed defendants that plaintiff based his action on their personal acts"), *aff'd*, 494 S.W.2d 534 (Tex.1973). In *Monsanto*, the court quoted a case in which it was acknowledged that Texas's pleading rules had been simplified and liberalized, but that it remained if a pleading alleged an act was committed by a party, it could not support evidence that the act was done by another for whom the defendant was responsible. *See id.*

And, in their prayer, the relief requested by appellants was, in part, as follows: "[Appellants] pray that the court grant [Dow's] Motion for Summary Judgment *only* as to the allegations that Dow is liable under the theory of joint venture." Consequently, having requested the court grant summary judgment on the joint venture issue, appellants cannot now assert on appeal that the relief requested was error. *See Nesmith v. Berger,* 64 S.W.3d 110, 119 (Tex.App.-Austin 2001, pet. denied) ("A party that asks for a certain type of relief cannot complain on appeal if that relief is granted."). We overrule appellants' issue on this matter.

### 3. Were Appellants' Negligence and Gross Negligence Claims Against Dow Addressed in the Trial Court?

▇▇▇ In their second issue, expressly stating that Dow failed to address all of their causes of action, appellants contend there were "new causes of action" alleged against Dow in their third amended petition, specifically listing these claims as follows: (1) Dow is liable because it maintained control over the premises at Dow Badische by specifying asbestos insulation products be used on the premises and by controlling safety on the premises;[14] and (2) Dow is liable for providing health and safety services to Dow Badische during the relevant time periods. According to appellants, Dow's motions did not address their new negligence and gross negligence claims.

▇▇▇ The three essential elements of any negligence cause of action are (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by that breach. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002). In its first motion, Dow expressly moved for a no-evidence summary judgment on appellants' negligence claims. Specifically, Dow argued that appellants had no evidence it owed any duty to Wortham, nor that it breached any duty, stating in part, "[t]here is no evidence that [Dow] did anything or failed to do anything that contributed to the alleged injury.... Thus, there is no evidence that [Dow] was negligent, and ... is not liable under the theory of negligence."[15] Plainly then, Dow moved for summary judgment on appellants' negligence claims.[16] To the extent

14. The elements of a joint venture are (1) mutual right of control, (2) community of interest, (3) the sharing of profits as principals, and (4) the sharing of losses, costs, or expenses. *Castle Tex. Prod. Ltd. P'ship v. Long Trusts,* 134 S.W.3d 267, 278 (Tex.App.-Tyler 2003, pet. denied). Appellants' allegations that Dow "maintained control" can be read as merely elaborating on the joint venture claim by including a specific allegation as to an element of that claim. The trial court apparently read the pleading in that manner. But, because appellants asserted in the trial court that this statement was an allegation of negligence and, on appeal, both parties discuss it as a negligence claim, we address it in that manner.

15. Appellants state as an issue that Dow's no-evidence summary judgment motion was defective, listing several alleged violations of Rule 166a(i). Other than stating the issue, however, appellants fail to provide any argument or authority in support of their statement. *See* TEX.R.APP. P. 38.1. Nevertheless, we find their stated issue to be without merit because (1) Dow stated it was moving for a no-evidence summary judgment on appellants' negligence claims, (2) listed the elements necessary to establish those claims, and (3) then set out the elements it was asserting appellants had no evidence of.

16. A plaintiff who cannot support a cause of action for negligence cannot succeed on gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence. *Hall v. Stephenson,* 919 S.W.2d 454, 467 (Tex.App.-Fort Worth 1996, writ denied) (citing *Shell Oil Co. v. Humphrey,* 880 S.W.2d 170, 174 (Tex.App.-Houston [14th Dist.] 1994, writ denied)). Thus, we do not

appellants' argue that Dow's first summary judgment motion could not encompass their later pleaded negligence claims, we disagree.

If a summary judgment motion is sufficiently broad, it can be deemed to cover additional causes of action later pleaded. *See Lampasas v. Spring Center, Inc.,* 988 S.W.2d 428, 435–37 (Tex.App.-Houston [14th Dist.] 1999, no pet.).[17] And, in any negligence claim, a plaintiff must prove the existence and breach of a legal duty owed to him by the defendant. *See Kukis v. Newman,* 123 S.W.3d 636, 639 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Here, Dow's first motion was very broad, challenging appellants' ability to bring forth any evidence of a duty owed or breached. Because those elements are necessary to establishing appellants' later-filed negligence claims, Dow's first motion covered those claims.

The record indicates the parties and the trial court also construed Dow's first motion broadly to encompass appellants' negligence claims. For example, in responding to the motion, appellants argued that Dow owed a duty to Wortham because, among other things, Dow "undertook to render services to Dow Badische which Dow recognized as necessary for the protection of third persons." This language mirrors some of the "new" allegations contained in appellants' third amended petition. Further, the trial court issued another letter following Dow's second summary judgment motion which stated, in part, that it had ruled on the negligence causes of action when ruling on Dow's first summary judgment motion; and, as we noted previously, appellants' third amended petition was the operative pleading when the trial court ruled on the first motion.

In sum, Dow's no-evidence summary judgment motion was sufficiently broad enough to encompass appellants' later pleaded negligence causes of action. Accordingly, we overrule appellant's issues and arguments contending their negligence and gross negligence causes of action were not addressed by Dow's motions.

We must affirm a summary judgment if any of the theories presented to the court and preserved for appellate review are meritorious. *See Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 157 (Tex. 2004). Other than the issue as stated above, appellants do not argue that the trial court erred in granting summary judgment based on Dow's no-evidence motion. The court's amended order granted both of Dow's motions on all causes of action alleged by appellants without specifying any grounds.[18] Thus, because summary judgment may have been granted on

discuss appellants' arguments regarding their gross negligence claims separately from their negligence arguments.

17. In *Lampasas,* this court examined whether a no-evidence summary judgment motion included causes of action later pled. *Id.* at 435. The motion at issue in that case asserted there was no evidence of duty, breach, or causation. *See id.* at 437. Because these elements were common to the negligence claims pleaded, and the non-movant failed to produce evidence of these elements, summary judgment was proper on all claims. *Id.* at 437; *see also Judwin Properties, Inc. v. Griggs & Harrison,* 911 S.W.2d 498, 502–03 (Tex.App.-Houston [1st Dist.] 1995, no writ) (concluding summary judgment motion contemplated the claims that were "eventually specified" in non-movant's amended counterclaim).

18. *See Kolfeldt v. Thoma,* 822 S.W.2d 366, 368 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding) (concluding that an amended order superseded previous order); *see also B. & M. Mach. Co. v. Avionic Enter., Inc.,* 566 S.W.2d 901, 902 (Tex.1978) (stating second judgment was reformed and, in effect, vacated the first judgment).

this unchallenged ground, we affirm the trial court's grant of summary judgment in Dow's favor.[19]

 Moreover, even were we to construe appellants' brief as challenging the no-evidence ground, we have found no record evidence raising a fact issue on appellants' negligence claims. There is no evidence in the record that Dow owned the Dow Badische premises at the time of Wortham's exposure, nor that Dow ever operated the Dow Badische facility. The evidence reflects that Dow and Dow Badische were separate corporations and were operated separately. After 1961, the employees "loaned" to Dow Badische by Dow became Dow Badische employees, and they no longer received their pay from Dow. Likewise, after that date, the safety forms used by Dow Badische employees were Dow Badische forms. Wortham, who was never a Dow employee, started working for Dow Badische in 1962. Also, although there is a contract in the record in which Dow agrees to provide fuel to Dow Badische and other tangential services, this is not a basis for establishing liability against Dow for Wortham's injuries. There is no evidence that Wortham ever worked with or around any asbestos containing product supplied or manufactured by Dow, and no evidence that Dow ever owned, operated, or controlled the Dow Badische facility. Further, although appellants alleged that Dow was liable because it provided health and safety services to Dow Badische, there is no evidence in the record that Wortham's injuries were caused by Dow's negligence in providing these services.

### III. CONCLUSION

In conclusion, we reject appellants' contentions (1) that the trial court rendered a no-evidence summary judgment based on Dow's affirmative defenses, and (2) that it was Dow's burden to prove Dow Badische was not its single business enterprise. We also conclude appellants waived their complaint alleging that Dow provided them with a defective notice of the summary judgment hearing. Further, Dow's summary judgment motions addressed all of appellants' causes of action asserted against it. Because appellants' failed to challenge the trial court's grant of summary judgment on Dow's no-evidence grounds, we do not address the statute of repose issues raised by appellants' in this appeal.

Accordingly, we affirm the trial court's judgment.

---

19. Appellants also present a number of arguments as to why the trial court erred in granting summary judgment to Dow based on its statute of repose defense. Several of these arguments have already been addressed in our discussion. But, because we affirm the trial court's judgment based on the no-evidence ground, we do not further address the statute of repose arguments.