Affirmed and Memorandum Opinion filed August 9, 2007








Affirmed and Memorandum Opinion filed August 9, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00254-CV

____________

 

SANDRA ADAIR, ET AL.,[1]
Appellants

 

V.

 

VERITAS DGC LAND, INC., Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 01-CV-1068D

 



 

M E M O R A N D U M   O P I N I O N

This case involves 232 plaintiffs who sued alleging
property damage from seismic surveys conducted by appellee, Veritas DGC Land,
Inc. (Veritas).  Veritas moved for summary judgment on both traditional and
no-evidence grounds.  The trial court granted the summary judgment without
specifying the grounds.  Plaintiffs presents three overlapping issues on
appeal.  We affirm the trial court=s grant of summary
judgment. 








Factual and Procedural Background

In the spring of 2000, Veritas conducted a seismic survey
of sixty square miles in Galveston County.  Two-hundred-sixty-two plaintiffs
filed suit against Veritas and others, alleging damage to their homes as a
result of the survey.  Plaintiffs= causes of action
included private nuisance, negligence, gross negligence, fraud, constructive
fraud, tortious act, strict liability, and exemplary damages.  

Due to the large number of plaintiffs, the trial court
ordered that the plaintiffs be divided into trial groups of thirty.  The first
trial group of thirty was set to go to trial in January of 2005.  Summary
judgment was rendered against thirteen plaintiffs of this first group of
thirty.  The remaining seventeen of the first trial group suffered a
take-nothing judgment following a trial on the merits.  The trial court then
issued an AAmended Joint Discovery and Docket Control Order@ for the remainder
of the case.  Groups of thirty plaintiffs were set to go to trial every six
months, beginning on January 23, 2006.

Veritas filed its motion for summary judgment as to all
remaining plaintiffs on August 24, 2005, arguing both traditional and
no-evidence grounds.  The traditional grounds for summary judgment included: 1)
collateral estoppel as to all of plaintiffs= claims; 2) strict
liability and nuisance are inapplicable as a matter of law; 3) tortious act and
exemplary damages are not recognized causes of action under Texas law; 4) no
evidence exists of essential elements of fraud and constructive fraud; 5)
negligence and gross negligence must fail because uncontradicted evidence
establishes that plaintiffs= damages could not have been caused by the
seismic survey, and plaintiffs do not have sufficient evidence to establish
causation because their expert testimony does not satisfy the Daubert/Robinson
standards. 








The grounds for the no-evidence motion for summary judgment
included: 1) as to constructive fraud, no evidence of a legal duty owed to the
public or a fiduciary duty owed to plaintiffs, and no evidence that Veritas=s acts or
omissions caused plaintiffs= damages; 2) as to the fraud claim, no
evidence of a false material representation, that statements were made with
knowledge of their falsity or recklessly without determining their truth, or
intent that plaintiffs acted upon the representations, relied upon any
representation, or suffered damage as a result of any representation by
Veritas; and 3) as to the negligence and gross negligence claims, no evidence
of causation.  

The response by plaintiffs provided objections to Veritas=s motions for
summary judgment, and legal arguments.  Plaintiffs attached no evidence to
their response the motion for summary judgment.  The trial court found the
motion for summary judgment to be meritorious and granted it without specifying
grounds. This appeal followed.

Analysis

I.        Plaintiffs
Waived Several Issues By Briefing Waiver

The Rules of Appellate Procedure require that an appellant=s brief Amust contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.  Tex.
R. App. P. 38.1(h) (emphasis added); see Nguyen v. Kosnoski, 93
S.W.3d 186, 188 (Tex. App.CHouston [14th Dist.] 2002, no pet.)
(holding that issues not supported by references to the record are waived, as
are issues not supported by authority).

Plaintiffs have raised
several issues that they do not brief or brief inadequately in the body of
their argument.  Plaintiffs= issues on appeal are:

1)       that it was error
generally to grant the summary judgment; 

2)       that it was error as a
matter of law and an abuse of discretion to grant the summary judgment because 

a)       there was evidence
establishing genuine issues of material fact on issues presented, and 

b)       because the trial court
misapplied the summary judgment rules and standards; and

3)       The trial court erred and
abused its discretion in 

a)       denying Plaintiffs= motion to continue the summary
judgment hearing

b)       overruling the objection
that the summary judgment effort was premature, and

c)       denying the motion to reconsider.

However,
Plaintiffs have waived issues 1, 2(b), and 3(c).  








Under their first issue presented, plaintiffs included a
footnote citing to Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970), and to PlexChem International, Inc. v. Harris County Appraisal
District, 922 S.W.2d 930, 930B31 (Tex. 1996),
for the proposition that a general issue stating that summary judgment was in
error allows argument of all reasons therefor.  However, this court has held
that a general Malooly issue will only preserve a complaint if the
ground challenged on appeal is supported by argument.  Wortham v. Dow Chem.
Co., 179 S.W.3d 189, 198 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Since no argument was presented under this general
issue, it is waived.  See id.

Plaintiffs= brief provided extensive citations to
case law regarding the appropriate standards to be employed in deciding a
summary judgment.  These citations are not accompanied by any argument, other
than a single sentence which says, AProper application
of these rules and standards establishes trial Court error and requires remand
for new trial on the merits.@  Plaintiffs have supplied neither
references to the record nor any analysis to explain how the trial court erred
in applying appropriate summary judgment standards.  Therefore, issue 2(b),
complaining of misapplication of summary judgment rules and standards, is also
waived.  See id. 

Finally, issue 3(c) complains of error and abuse of
discretion in denying the plaintiffs= motion to
reconsider Veritas=s motion for summary judgment.  After
stating this issue in the issues presented, the motion to reconsider is never
mentioned again.  Issue 3(c) is, therefore, waived as well.  See id. 

II.       Trial
Court Did Not Err in Overruling Objection to Timing of the Summary Judgment
Motion








The plaintiffs allege, in issue 3(b), that because the
summary judgment hearing was conducted four days before the discovery deadline,
the trial court erred and abused its discretion in overruling plaintiffs= objection to the
premature nature of the motion for summary judgment.  In support of this
position, plaintiffs cite to the 1997 comment to Rule of Civil Procedure 166a,
which is meant to inform the construction and application of the no-evidence
summary judgment rule.  See Tex.
R. Civ. P. cmt. 166a.  The comment provides, AA discovery period
set by pretrial order should be adequate opportunity for discovery unless there
is a showing to the contrary, and ordinarily a motion under paragraph
(i) would be permitted after the period but not before.@ Id. (emphasis
added). 

However, the language of Rule 166a(i) does not mirror that
of the comment, but rather states that a no-evidence motion may be brought
after Aadequate time for
discovery.@  Tex. R. Civ.
P. 166a(i).   In determining whether a time period for discovery has
been adequate, we look to the nature of the cause of action, the nature of the
evidence necessary to controvert the no-evidence motion, and the length of time
the case had been active in the trial court.  Specialty Retailers, Inc. v.
Fuqua, 29 S.W.3d 140, 145 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  Additional factors include the amount of time the
motion for summary judgment was on file, whether the movant requested stricter
time deadlines for discovery, the amount of discovery that had already taken
place, and whether the deadlines in place were specific or vague.  Id.  We
review the court=s determination of the adequacy of the
time for discovery under an abuse of discretion standard.  Id. 

Here, the case had been active in the trial court for
approximately three years and nine months when the motion for summary judgment
was filed, and the active petition had been on file for approximately two years
and eight months.  Some of the evidence needed to create a fact issue could
have been developed with a simple affidavit, such as evidence of false
representations to support the fraud claim.  Other evidence would need to be
developed by expert testimony, such as the causation evidence necessary to
rebut the no-evidence motion as to negligence, gross negligence, fraud and
constructive fraud.  This evidence takes time to develop, but as mentioned, the
case had been active for nearly four years, giving plaintiffs plenty of time to
develop such evidence.








The summary judgment motion had been on file for four
months before the hearing.  The record does not reflect, nor do plaintiffs
assert, that Veritas requested stricter discovery deadlines.  The deadlines in
place were very specific, giving a date certain for discovery to be completed. 
It appears that virtually all of the required discovery had taken place, given
that, according to Veritas, plaintiffs had propounded no discovery for almost a
year before the summary judgment hearing.  Additionally, one group of thirty
plaintiffs had already gone to trial and lost on the merits.  Each of the above
factors indicates that plaintiffs had an adequate time for discovery. 
Therefore, we cannot hold that the trial court abused its discretion in
overruling the objection that summary judgment motion was premature. 

III.      No Error
in Denying Motion for Continuance

Similarly, plaintiffs argue that the trial court abused its
discretion in denying the Plaintiff=s motion to
continue the summary judgment hearing.  The trial court=s denial of the
motion for continuance is subject to a clear abuse of discretion standard of
review.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex.
2004).  A court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.  Id.  A
nonexclusive list of factors we consider in deciding whether a court has abused
its discretion in denying a motion for continuance to conduct further discovery
include: the length of time the case has been on file, the materiality and
purpose of the discovery sought, and whether the party seeking the continuance
has exercised due diligence to obtain the discovery sought.  Id.  

Plaintiffs have shown no additional discovery that they
would conduct if they had the time.  Rather, they complain that the deposition
of a key expert happened too close to the summary judgment hearing, due to
delay from the erroneous suggestion of bankruptcy, and that he had not had the
opportunity to review and sign his deposition transcript.  Additionally,
plaintiffs argue that the focus of the trial had been on: 1) the jurisdictional
challenge of three governmental entities until mid-2004; 2) disposing of the
claims of the thirty plaintiffs in the first trial group; and 3) settlement
negotiations resulting in resolution with eight other defendants in July of
2004.  








None of plaintiffs= arguments in the
motion for continuance show what discovery was sought that would necessitate a
continuance.  Plaintiffs pointed out that Dr. Kiger=s deposition would
be taken on December 16, 2005, three days before the summary judgment hearing,
but did not indicate why his testimony was necessary, as compared to one of 
plaintiffs= other experts.  Nor did plaintiffs indicate why they
could not obtain the necessary evidence from Dr. Kiger in the form of an
affidavit or report before the summary judgment hearing.  Furthermore, as
previously mentioned, the case had been active for nearly four years at the
time of the motion for continuance.

The fact that the Afocus@ of the trial
until early 2005 had been on jurisdictional issues, settlement negotiations,
and taking the first group of plaintiffs to trial does not mitigate the fact
that plaintiffs should have had plenty of time to conduct discovery.  The
central issues of the case did not change since it was first filedCthat seismic
testing caused damage to plaintiffs= homes. 
Furthermore, the last of these events to occurCthe trial of the
first plaintiff groupCended at the beginning of January 2005. 
This left almost twelve months for plaintiffs to conduct further discovery
which could have been used to respond to the summary judgment motion.  Given
the amount of time plaintiffs had to conduct discovery, and the failure to show
exactly what additional discovery was needed or its materiality, we hold that
the trial court did not abuse its discretion in overruling plaintiffs= motion for
continuance.  

IV.      Grant of
Summary Judgment on Negligence and Fraud Causes of Action Was Appropriate

A.      No-Evidence
Summary Judgment

Veritas moved for no-evidence summary judgment on  the
negligence, gross negligence, fraud and constructive fraud causes of action on
the grounds that plaintiffs had no evidence of causation, among other
elements.  The plaintiffs= response to summary judgment contained no
evidence whatsoever.  Clearly they failed to create a fact issue in response to
the no-evidence motion.   See Tex.
R. Civ. P. 166a(i).  








B.      Traditional
Motion for Summary Judgment

Veritas also moved for summary judgment on traditional
groundsCattaching an
affidavit from its own expert establishing that it caused no damage to the
homes in question, and also attacking the qualifications of plaintiffs= expert
witnesses.  In their brief to this court, plaintiffs appears to complain that
summary judgment was inappropriate because some of the evidence used by Veritas
in the traditional motion actually creates a fact issue as to causation. 
Plaintiffs state that Veritas never Aconclusively
negated one or more elements of Plaintiffs= claims.@  We disagree.  

1)       Standard
of Review and Applicable Law

The propriety of a summary judgment is a question of law which
we review de novo.  LaGoye v. Victoria Wood Condo. Ass=n, 112 S.W.3d 777,
785 (Tex. App.CHouston [14th Dist.] 2003, no pet.).  In a traditional
motion for summary judgment, the movant has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a
matter of law.  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex.
2005).  We consider the evidence in the light most favorable to the non‑movant
and resolve any doubt in the non‑movant's favor.  Id.  








A movant's right to summary judgment can be proved solely
on the uncontroverted testimony of an expert witness if the subject matter is
such that a trier of fact would be guided solely by the opinion testimony of
experts, if the evidence is clear, positive and direct, otherwise credible and
free from contradictions and inconsistencies, and could have been readily
controverted.  Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991).  The
effect of seismic testing on structures is a very technical area and necessitates
expert testimony as to whether the testing caused the damage alleged in this
case.  See K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360 (Tex. 2000) (AExpert testimony
assists the trier‑of‑fact when the expert=s knowledge and
experience on a relevant issue are beyond that of the average juror and the
testimony helps the trier‑of‑fact understand the evidence or
determine a fact issue.@).  Therefore, Veritas=s expert testimony
may establish the right to summary judgment if it is uncontroverted, clear,
direct and otherwise free from contradictions and inconsistencies.  

Expert testimony may only be controverted by testimony from
another expert.  See Anderson, 808 S.W.2d at 55 (ALay testimony is
insufficient to refute an expert=s testimony.@).  Once the party
opposing expert testimony objects, the proponent bears the burden of
demonstrating its admissibility.  E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 557 (Tex. 1995).  To qualify as an expert witness
under Robinson and Rule of Evidence 702, three requirements must be
satisfied: 1) the witness must be qualified; 2) the proposed testimony must be
scientific ... knowledge; and (3) the testimony must assist the trier of fact
to understand the evidence or to determine a fact in issue.  Id. at
556.  The trial court=s decision ruling on admissibility of
experts is subject to an abuse of discretion review.  See Gammill v. Jack
Williams Chevrolet, Inc., 972 S.W.2d 713, 718B19 (Tex. 1998). 
This is the case within the context of a summary judgment motion as well.  See
United Blood Servs. v. Longoria, 938 S.W.2d 29, 30B31 (Tex. 1997).  

2)       Summary
Judgment Appropriate

In this case, the affidavit of Veritas=s expert was
competent summary judgment evidence because it was clear, direct, and free from
contradiction or inconsistency, and could have been readily controverted by
opposing evidence.[2] 
See Tex. R. Civ. P.
166a(c).  Therefore, the burden fell to plaintiffs to raise a fact issue by
controverting expert testimony.  In addition, in its motion for summary
judgment, Veritas had already challenged the qualifications of plaintiffs= expert witnesses,
Charles Jenkins, Olan Adams, Gary Boyd, and Ebow Coleman.  As a result,
plaintiffs bore the burden of establishing the admissibility of any
controverting expert opinions.  See Robinson, 923 S.W.2d at 557.








 As mentioned above, plaintiffs brought forth no evidence
of their own, and rely solely on evidence contained within Veritas=s motion for
summary judgment to create a genuine issue of material fact.  Nowhere in the
deposition excerpts from plaintiffs= experts is there
mention of the qualifications of Jenkins, Adams or Boyd.  Some of Ebow Coleman=s qualifications
were contained within his excerpt in the motion for summary judgment.  However,
he testified that while he was a materials engineer and a Ascientist,@ he was not an
expert in structural engineering, geophysics, explosions or the force required
to crack foundations, seismic charges or vibroseis; nor was he an expert in
interpreting seismic data.  Because no evidence revealed the qualifications of
three experts and the fourth lacked expertise in the areas most critical to
establishing causation in this case, we cannot say that the trial court would
have abused its discretion had it excluded all four of plaintiffs= witnesses based
on the failure to prove the qualifications of their expert witnesses.  See
id. 

Therefore, because plaintiffs failed to raise a genuine
issue of material fact in response to either the no-evidence or traditional
motions for summary judgment, we hold that summary judgment in favor of Veritas
was appropriate on the fraud, constructive fraud, negligence, and gross
negligence causes of action.[3] 


 








Conclusion

Having overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment rendered
and Memorandum Opinion filed August 9, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 








Appendix A













Sandra Adair, Ruth
Aubuchon, Roy Bailey, Steven and Lynette Baker, Carl Barnett, Nathan and Laura
Barnett, Edward and Martha Bartholmey, John and Gerry Bartlett, Janet L.
Becich, Donald Benard, Jimmy and Roxie Berry, Gladys Bimage, Katrina Bimage,
Jimmy Ray Bishop, Sr., Deborah and Daniel Bly, Dennis and Maria Boatright, Lois
Bradley, Luna Bradley, Brad and Celia Brahm, John and Martha Burmester, Don and
Millicent Burns, Jacqulyn Cage, Ricky A. Cappel, John and O. Lydia Castillo,
Pamela Charles, Sigrid Clark, James Coker, Odell and Bobbie Cooper, Raymond and
Edith Cox, Feliciano and Teodora Cruz, Sally and Don Cummings, Verlene
Cummings, Robin Cunningham, Linda Curl, Agatha Currie, David Dady, Everett and
Mary Darden, Anitra Davidson, Darrell and Anita Davis, Coy A. Dean, Allen and
Lillian Denney, Don and Suzanne Denson, Mike and Nita Duffey, Richard and
Lillian Easley, John and Agnes Eck, Raymond Edward, Dean and Carol Endsley,
Louise K. Evans, Laresa Evans, Brett Farmer, Charles and Rosalind Farmer, Peggy
Joyce Farmer, Gloria M. and Thomas T. Fisher, Estate of Joan Fox, John Frazier,
Ralph Frazier, Ola Freeman, Sherman Gentry, Daniel and Mary Goan, Edward
Goffney, Gerald Goffney, Armando and Bea Gonzalez, Greater New Hope Missionary
Baptist Church, James and Susan Green, Hamilton Guyton, Jr., Keith and Janice
Guyton, Gladys Hall, Gladys E. Hall, James and Wilma Hall, Paula Harris, Ronald
and Janie Hartis, Perry Hatch, Raymond and Janet Henriksen, Audrey J. Hill,
Corliss Hill, Aaron L. and Joyce Hobbs, Thelma Hobbs, Frances Hodge, Milton and
Fay Hogg, Darlene Holmes, Beatrice Hufstetler, Carol Ina, Staffon Isaac, Kirk
A. Jackson, Walter E. Jackson, James and Francine Jacks, Marie Jamison, John M.
Jeffords, Katherine Jefferson, James and Brenda Jenkins, Oliver Jenkins, Otis
Jenkins, Ponce de Leon Jenkins, Ronald C. Jenkins, Thelma Jenkins, Malcolm and
Lois Jennings, John D. and Lillie D. Johnson, Joyce Johnson, Van Johnson, John
P. and Susanne R. Johnston, Forestine Jones, Geneva Jones, Joe L. Jones, Linda
G. Jones, Maxine Jones, Retha Hobbs King, Gary and Linda Kirkland, Karen Klock,
Russel and Marilyn Knapp, Scott and Lana Koerber, Tom and Elizabeth
Kwarteng-Amaning, Sophia Lamb, Alcide and Pearl Lee, Laney and Johnnie Lee, Mavis
N. Lee, James Little, Myrtle Lee Little, Virgil Little, Sr., Cheryl Anne
Litton, Doris Lovings, Charles and Mildred Lymuel, Teri Lymuel, Jack C. Maddox,
Dennis and Carla Malone, Stella Martin, Morris and Mary Mason, Robert and Linda
Mason, Diana Masters, Jacob and Danielle Mathews, George and Margaret Mathews,
Thomas J. McCormick, Paul and Maria McCorry, Raymond and Yolanda Medina,
Patricia Ann Mills, Mary Mixon, B. Moody, Barbara Mooney, Larry and Michelle
Moore, Carlton Morgan, Freddie Morgan, Dewey and Shirley Morris, Janet Lee
Morris, Mt. Olivet Baptist Church, D.R. Murphree Family Trust, Estelle Murphy,
James Russell Nalepa, Jesse and Irene Navarro, Estelle Murphy O=Neal, Margaret
Osborn, Richard and Kimberly Olmos, Will Thomas Palmer, David and Anna Payne,
Jerri Pendleton, Christine Peterson, Doyle Peterson, Bill and Rowena Porter,
Juan and Wilma Prado, Debra and Johnny Lee Praylor, Edna Praylor, Walter and
Pamela Presley, Joyce Price, William H. Price, Sr., Kathy and Michael Prothro,
Jacquelin Pruden, Sergio and Giselle Quintero, Ted E. and Norma J. Ramirez,
Tashonda Randle, Jesse and Denice Rendon, John Reistino, Karen Remmert, Janeth
Rhodes, James and Camille Rhone, Cruz Rivera, James N. Roach, Wilbert and Rosie
Robinson, Gary Dwayne Rodgers, Manuel and Esther Rodriguez, Gertrude Rollins,
Alan and Sharon Rowsey, Francisco R. Ruiz and Rosa E., David Sack, Barton C.
Schindler as Legal Representative for Maurice S. Schindler, Patricia A.
Schwalenberg, Jack and Diane Schwartz, Lisa Segovia, Prem K. and Nitina Sehgal,
Elnita Simmons, Charles and Gwendolyn Simmons, Sr., Lura Skeel, Margaret
Slater, Darren W. Smith, Shirley and Carl Smith, Jeff Smyers, Sharon Spates,
Kathy D. Spells, St. James A.M.E. Church, Jody Starr, Harold and Virginia
Stephenson, Antoinette and Oliver Stewart, Johnny and Sharon Stout, Wayne and
Patricia Strelsky, Elliot W. and Brenda Sturman, Marla Surface, Jane Surman
Grace Talas, Gerald E. Taylor III, Michael and Susan Taylor, Robert D. and
Diana A. Taylor, Janet Thompson, Arthur and Virginia Tijerina, Tony Trainer,
Gil and Carroll Valdez, Edward and Glinda Van Malden, Donald and Julie Vaughan,
Terry and Cindy Vaughn, Barbara Walker, Etta Warner, Juanita Warren, Leon and
Nelva Washington, Alicia and Milton Wade White, Christina Whitlock, Alsace L.
Williams, Bennie Williams, Daisy Williams, David and Miriam Williams, Lillie
Williams, Lucinda Williams, Willie and Charlotte Williams, Winston and
Ernestine Williams, Sharyn Willis, Gisele Wilson, Patricia Wilson, Margaret
Witherspoon, Elnora Woods, Rosemary Young, Willie Mae Young.









[1]  A complete list of appellants is attached to this
opinion as Appendix A.





[2]  Neither below nor on appeal did plaintiffs object to
the expert=s affidavit on the basis of qualifications,
reliability or relevance, or otherwise claim it was deficient, so we need not
consider whether it satisfied all admissibility requirements. See Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 (Tex. 1998).  





[3]  As mentioned above, plaintiffs also asserted causes
of action on private nuisance, tortious act,  strict liability, and exemplary
damages.  It is not clear at all from plaintiffs= brief whether they are appealing summary judgment on these issues.  To
the extent these causes of action were not waived, we note briefly that we
cannot find a single Texas case recognizing a cause of action for Atortious act.@ 
Since this cause of action does not exist in Texas, summary judgment was
appropriate.  Similarly, the type of seismic testing done in this case will not
support a cause of action for strict liability or negligence in Texas.  See
Klostermann v. Houston Geophysical Co., 315 S.W.2d 664, 665B68 (Tex. Civ. App.CSan
Antonio 1958, writ ref=d).  Traditional summary judgment was appropriate on
those grounds as well.  Since summary judgment was appropriate on all other
causes of action, it was appropriate on the purported cause of action for
exemplary damages as well, since exemplary damages are unavailable unless there
is entitlement to actual damages. Nabours v. Longview Sav. & Loan Ass=n, 700
S.W.2d 901, 904 (Tex. 1985).