RICHARDS et al. v. OSBORNE.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 24, 1914. Rehearing Denied Feb. 28, 1914.)

1. PAYMENT (§ 63*) — RECEIPTS — PLEA OF NON EST FACTUM—NECESSITY.

Where, in an action on a note, defendants did not plead a receipt, but pleaded a payment, and offered the receipt as evidence thereof, a plea of non est factum was not necessary to enable plaintiff to attack the genuineness of the receipt.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 152–161; Dec. Dig. § 63.*]

2. APPEAL AND ERROR (§ 1047*)—HARMLESS ERROR—RULINGS AS TO BURDEN OF PROOF.

In an action on a note, in which defendants pleaded payment, if the court erred in requiring defendants to prove the execution of a receipt offered in evidence by them, the error was harmless, where they very readily proved its execution, and in fact the genuineness of the signature was admitted, and the court charged that the receipt was prima facie evidence of the payment thereby shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4132, 4133, 4146–4152; Dec. Dig. § 1047.*]

3. WITNESSES (§ 331½*) — IMPEACHMENT — FABRICATION OF EVIDENCE.

In an action on a note, in which defendants relied on a receipt which plaintiff claimed was without consideration, a photographic copy of another receipt, on which one of the defendants at one time relied, and the signature to which the evidence tended to show was not genuine, was properly admitted, as it may al-

ways be shown that a party has fabricated, or attempted to fabricate, evidence in his favor.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 331½.*]

4. WITNESSES (§ 331½*) — IMPEACHMENT — FABRICATION OF EVIDENCE.

In an executor's action on a note, in which defendants relied on a receipt, where there was evidence that one of the defendants at one time relied on another receipt, which was forged, bank checks bearing the admitted signature of the testator were properly admitted on the issue of forgery.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 331½.*]

5. TRIAL (§ 243*)—INSTRUCTIONS—CONFLICTING INSTRUCTIONS.

In an action on a note, in which defendants pleaded payment, there was no conflict between an instruction placing the burden on defendants to prove the payment and one which told the jury that a receipt was prima facie evidence of payment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564, 565; Dec. Dig. § 243.*]

6. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—ERRORS FAVORABLE TO APPELLANT.

If there was a conflict in such instructions, it was in defendants' favor, as the burden of proof was on them to prove the payment pleaded, and they were not prejudiced by an instruction that the receipt prima facie discharged this burden.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*].

7. PAYMENT (§ 70*)—EVIDENCE—ADMISSIBILITY.

In an executor's action on a note, in which defendants pleaded payment, evidence that the testator made no considerable deposits in any of the banks where she did business about the time of the alleged payment was properly admitted.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 203, 204, 206–218; Dec. Dig. § 70.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by Beulah Osborne against Frank Richards and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Penix & Eberhart and Gross & Gross, all of Mineral Wells, for appellants. E. B. Ritchie, of Mineral Wells, for appellee.

SPEER, J. This is an action brought by Beulah Osborne, as executrix of Salina Phillips, against Frank Richards and others, to recover a balance due on a certain promissory note for $1,000. The defendants pleaded specially a payment in the sum of $550. By trial amendment the plaintiff was permitted to plead that the receipt of Salina Phillips, acknowledging the payment of said sum of $550 was without consideration. The case was submitted to a jury under instructions from the court, and a verdict was returned in favor of the plaintiff, and from a judgment based thereon defendants have appealed.

[1, 2] It is first complained that the court erred in requiring the defendants in the action to introduce evidence of the execution of the receipt for $550 offered in evidence by

them. The points made are, first, that there was no plea of non est factum on the part of the plaintiff; and, second, that the action of the court cast suspicion on the validity of the receipt. Appellants' defense was not predicated upon the receipt, but upon the fact of payment, and the instrument was but the evidence of such fact. A plea of non est factum was not necessary, therefore, to enable the appellee, to attack the genuineness of the receipt. Appellants very readily proved the execution of the instrument; in fact, the plaintiff in the action admitted the genuineness of Salina Phillips' signature, and, moreover, the trial court instructed the jury that the receipt was prima facie evidence of the payment to Mrs. Phillips of the amount in question. There could not possibly have been any harm to appellants in the ruling complained of, though it be conceded to have been erroneous.

[3] It is also complained that the court erred in admitting in evidence a photographic copy of another receipt, bearing the name of Mrs. Salina Phillips, acknowledging payment from Frank Richards of $550, which receipt was not pleaded or in any wise relied on by appellants in the trial of the case. This ruling was complained of, because the testimony was alleged to be irrelevant and immaterial, and because no plea of non est factum was filed as to the receipt pleaded and relied on. As already indicated, no plea of non est factum was necessary. The receipt, a photographic copy of which was offered, was shown to have been in the possession of appellant Frank Richards, and was relied upon by him at one time to evidence the payment claimed in this suit. He was given notice to produce the same on the last trial, but asserted it was not in his possession, but in the possession of counsel for the opposite party. There was evidence tending to show the signature to this receipt was not genuine. There was no error, therefore, in permitting the introduction in evidence of the photographic copy. It is always admissible to show that a party has fabricated or attempted to fabricate evidence in his favor. It is a circumstance authorizing a court or jury to look with suspicion upon his cause.

[4-6] As against the objections made—that is, that the same was irrelevant and immaterial and there was no plea of non est factum —there was no error in permitting appellee to offer in evidence the bank checks bearing the admitted signature of Salina Phillips. They bore upon the issue tendered by appellee that the signature of Salina Phillips to one of the receipts held by appellant Frank Richards had been forged. The court properly placed the burden of proof on appellants to establish the payment of the $550 pleaded, and there was no conflict between this charge and the one telling the jury that such receipt was prima facie evidence of payment. But if

there was, and it was error at all, it was in appellants' favor, for undoubtedly the burden of proof is upon the party pleading payment, and at most it became a question of fact whether appellants had met that burden under all the facts and circumstances in evidence. To instruct that the introduction of the receipt itself prima facie discharged the burden was clearly in appellants' favor.

[7] There was no error in admitting testimony to show that Mrs. Salina Phillips made no considerable deposits in any of the banks where she was accustomed to transacting her business about the time of the alleged payment by Richards. It was a circumstance for whatever the jury might consider it to be worth to show that no such payment was made.

The verdict and judgment are attacked because not supported by the evidence on the issue of payment, but we are unable to disturb them. While appellant Frank Richards testified positively to the payment pleaded, and while the subscribing witnesses to the receipt gave testimony from which the jury might well have found in favor of the plea, yet there are many circumstances in evidence, not necessary to enumerate, from which the jury were authorized to conclude that, even though the signature of Mrs. Phillips to the receipt was genuine, yet in fact the sum of money named had not been paid. There was a fair charge, submitting the issue to the jury, and they have found against appellants. The district judge, who had an equal opportunity of observing the witnesses and weighing the circumstances in evidence, has approved the verdict, and we see no reason for reversing his judgment.

All assignments are overruled, and the judgment is affirmed.