## MISSOURI STATE LIFE INS. CO. v. BOLES. (No. 1917.)*

(Court of Civil Appeals of Texas. El Paso. Nov. 11, 1926. Rehearing Denied Nov. 24, 1926.)

**1. Insurance ⮫129—Soliciting agent cannot consummate contract.**

Mere soliciting agent for insurance has no implied authority to consummate contract of insurance.

**2. Insurance ⮫131(2)—Plaintiff had burden of showing soliciting agent's authority to make oral contract.**

Plaintiff seeking to recover on oral contract of insurance, made by soliciting agent, had burden to show his authority to make the contract.

**3. Principal and agent ⮫119(1)—One relying on contract made by agent must show that it was authorized.**

One relying on contract made by one assuming to act as agent of another must show that contract was within express or implied authority of agent to make.

**4. Principal and agent ⮫189(4)—Rule that one relying on contract made by alleged agent must show his authority is inapplicable, unless issue is raised by verified plea (Rev. St. 1925, art. 2010).**

Under Rev. St. 1925, art. 2010, rule that one relying on contract made by alleged agent must show his authority is inapplicable to an action based on a written contract, allegedly executed by defendant or his authority, unless issue is raised by verified plea.

**5. Insurance ⮫645(5)—Allegation that insurance contract was unconditional, and evidence disclosing that it was conditional on medical examination, held to disclose fatal variance.**

In action on oral contract of insurance, allegedly made by agent, allegation showing that

contract was unconditional, and evidence that it was conditional on a medical examination, *held* to disclose fatal variance.

**6. Contracts ⊜⟿15—Minds of parties must meet on all terms to constitute valid contract.**

To constitute a valid contract, minds of the parties must meet on all of its terms.

**7. Insurance ⊜⟿130(2)—Mere proposal for insurance does not constitute valid contract.**

Contract for insurance is not completed, where conversation relating thereto is a mere negotiation, which results in a party submitting an application in writing, which, on its face, shows it is a mere proposal for insurance.

**8. Insurance ⊜⟿130(1)—Oral negotiations leading up to application for insurance are merged in written application.**

Oral conversations and negotiations leading up to application for insurance are merged in, and extinguished by, written application.

**9. Insurance ⊜⟿130(2)—Application for insurance does not become a contract until accepted.**

An application for insurance does not become a contract until company accepts it.

**10. Insurance ⊜⟿130(2)—Application not accepted by company prior to applicant's death does not constitute a contract; "contract of insurance."**

Application for insurance, not approved and accepted by company at its home office prior to applicant's death, *held* not to constitute "contract of insurance."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insurance.]

**11. Insurance ⊜⟿645(5)—Allegation showing approval and acceptance of insurance application by home office, and proof showing acceptance by district agent, held to constitute variance.**

In action on life insurance policy, allegation pleading approval and acceptance of application by home office and proof showing application accepted and approved by district agent, *held* to constitute variance.

**12. Insurance ⊜⟿130(3)—District agent's approval of insurance application held not an approval thereof, constituting acceptance by company.**

District agent's approval of application for life insurance, relating to soliciting agent's certificate, *held* not an approval of application so as to constitute acceptance by company and a completed contract of insurance.

**13. Insurance ⊜⟿651(2)—Refusal to permit witness for insurer to testify that district agent's approval of life insurance application related solely to agent's preceding certificate, where issue was uncertain, held error.**

In suit on life policy, where it was uncertain whether district agent's approval of application related to preceding agent's certificate, or was an approval of application so as to constitute acceptance by company, refusal to permit witness for defendant to testify that approval related solely to agent's preceding certificate *held* error.

**14. Insurance ⊜⟿92—Refusal to permit testimony that district agent could not complete contracts of insurance by acceptance of applications held error.**

In suit on life policy, refusal to permit witness to testify that district agent could not complete contracts of insurance by acceptance of applications *held* error.

**15. Pleading ⊜⟿290(3)—Where issue as to district agent's authority to consummate written contract of insurance was not raised by plaintiff's pleadings, verified denial held unnecessary to raise that defense.**

In suit on life policy, declaring on an acceptance of application at home office, defendant *held* not required to make a verified denial of district agent's authority to consummate a written contract of insurance in order to avail itself of such defense.

**16. Insurance ⊜⟿88—General agent held not an alter ego of insurance company for all purposes.**

That district agent was designated as a general agent did not make him alter ego of insurance company for all purposes.

**17. Insurance ⊜⟿141(2)—That insured had not paid first premium of life policy held not to affect its validity, where agent extended credit.**

That insured had not paid first premium on policy of life insurance would not affect validity of policy, where district agent, when he sent application to home office, remitted insurer's share of first premium.

**18. Appeal and error ⊜⟿1177(7)—Case will be remanded for retrial, where a cause of action may then be shown under proper pleadings.**

Where case appears to have been tried, and judgment rendered on evidence which is not supported by pleadings and an erroneous conception of the law, and on retrial a cause of action may be shown under proper pleadings, case will not be reversed and rendered, but will be remanded for retrial.

**19. Trial ⊜⟿33—Evidence of authority of insurer's agents is admissible, though company may be estopped to deny their authority in the premises.**

Evidence of authority conferred on insurer's agents is admissible, even though it appears that insurer is estopped to deny their authority in the premises.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Mrs. Emma Viola Boles against the Missouri State Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Funderburk & Richardson, of Eastland, for appellant.

Grisham Bros., of Eastland, for appellee.

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. This is a suit by Mrs. Boles, the appellee, against the appellant to recover upon an alleged insurance policy upon the life of her husband, George Boles. Upon trial without jury Mrs. Boles recovered judgment, and the defendant appeals.

The petition is in two counts. In the first count it was alleged that the defendant, acting by its authorized agent, H. B. Goldthwaite, on June 27, 1924, entered into an oral contract of insurance upon the life of George Boles effective from that date, and that the insured died August 10, 1924.

The second count was in the alternative, and alleged a contract partly oral and partly in writing. It was alleged that the oral part was that set up in the first count, and in addition thereto it was agreed between Geo. Boles and Goldthwaite that the former would sign an application and deliver same to defendant through Goldthwaite, and agreed to submit to a physical examination, which was done and the application, examiner's report, and first premium sent to defendant's main office, and was by the home office accepted and approved, but before the policy was delivered the assured died.

[1-3] So far as concerns the oral contract declared upon in the first count, the judgment cannot be sustained thereunder, for the evidence is insufficient to show that the agent, Goldthwaite, undertook to make a contract of that nature; and, if upon any theory of the evidence it could be held that he did undertake so to do, then there is a complete want of evidence to show his authority to make same. He was a mere soliciting agent, and such an agent has no implied authority to consummate a contract of insurance. 32 C. J. 1066. The burden rested upon appellee to show the agent's authority to make the contract declared upon. Baker & Co. v. Kellett-Chatham Mach. Co. (Tex. Civ. App.) 84 S. W. 661, and other cases cited in 14 Mich. Dig. 49. It is but the application of the general rule of law that one relying upon a contract made by one assuming to act as the agent of another must show that the contract was within the express or implied authority of the agent to make.

[4] Under our statute (article 2010, R. S. 1925) this rule, of course, has no application to an action based upon a written contract charged to have been executed by the defendant or by his authority, unless the issue is raised by verified plea.

[5] Again, the oral contract, if established at all, was materially different from the contract alleged, not only as to the date it became effective, but upon a contingency not alleged. It was alleged the insurance became effective on June 27, 1924, whereas the contract proven, if any, was not effective until the medical examination was made on August 6, 1924. The contract alleged was unconditional, whereas the evidence disclos-

288 S.W.—18

ed it was conditional upon a medical examination. This variance was fatal. Western Union Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; Gammage v. Alexander, 14 Tex. 418; Padgitt v. Dorsey (Tex. Civ. App.) 194 S. W. 1124.

[6-8] Adverting further to the alleged oral contract, it is essential that the minds of the parties should have met on all the terms of the contract, and such a contract is not completed where the conversation is a mere negotiation which results in a party submitting an application in writing, which, upon its face, shows it is a mere proposal for insurance. In such cases the oral conversations and negotiations are merged in, and extinguished by, the written application.

Passing to the second count, the undisputed evidence shows that Boles made a written application for insurance dated June 27, 1924, addressed to appellant at St. Louis, Mo., and delivered same to Goldthwaite, who, in turn, delivered same to appellant's district agent, Behrens, at Abilene, Tex., who forwarded same to appellant's home office at St. Louis, Mo., where it arrived July 5, 1924.

When the application was received, Goldthwaite gave the following receipt:

"Advance Premium Receipt.

"Received of Geo. H. Boles the sum of $49.00, note No. 818692, the first annual premium on proposed insurance for $2,000, on the life of George H. Boles for which an application bearing a corresponding number, as above, is this day made to the Missouri State Life Insurance Company, Saint Louis, Mo. Insurance subject to the terms and conditions of the policy contract issued shall take effect as of the date of approval of above application by the company. Otherwise the payment evidenced by this receipt shall be returned.

"Dated at Frankell, June 27, 1924.
                    "H. B. Goldthwaite, Agent."

The evidence shows that, when the receipt was given, Boles intended to give a check for the $49, but the parties did not have a blank, whereupon Boles remarked he would "go up to the house and get one," but just at that time he was called away by the duties of his employment, and departed without paying the $49, whereupon the agent wrote the word "note" in the receipt as it appears. No note was given, and Goldthwaite stated he treated the matter as a cash transaction because he knew he could collect from Boles at any time. When Behrens sent the application to the home office, he remitted the appellant's share of the first premium.

The medical examination was made on August 6, 1924, and reached the home office of appellant Saturday a. m., August 9th. The application for insurance then proceeded in the regular routine of the office for final examination, consideration, and action.

The undisputed evidence shows that it had

not been approved and accepted at the home office at the time appellant died on Sunday, August 10, 1924, but on August 12th it was practically ready for final action and acceptance, when appellant was advised of Boles' previous death on the 10th, whereupon it was rejected.

[9, 10] An application for insurance does not become a contract of insurance unless and until it is accepted by the company. The evidence wholly fails to show an approval and acceptance by the company at its home office of Boles' application prior to his death, as by the plaintiff alleged in the second count. All of the evidence upon the issue is to the contrary.

[11] But in this connection appellee contends that the application was accepted by the approval of the district agent at Abilene, W. J. Behrens. In the first place, this was not the approval and acceptance pleaded by appellee, and for this reason, if no other, the judgment cannot be sustained under the second count because of variance.

On the back of the application appears the following:

"Agent's Certificate.

"Agents are required in all cases to complete this certificate.

"Do you consider applicant in all respects a proper person to be insured, and do you recommend applicant to this company as a first-class subject for life insurance? ———. If applicant has not paid cash with application, state fully in what manner settlement is to be made. ———. Medical blank was delivered to Dr. ——— at ——— this ——— day of ———, 19—. Remarks: ———.

"I have checked this application, and to the best of my knowledge and belief the answers herein given by the applicant are full, true and correct. ———, Soliciting Agent.

"Approved: W. J. Behrens, "Manager or General Agent."

W. J. Behrens' name was impressed with a stamp.

[12] It is manifest upon the face of the instrument that Behrens' approval related to the preceding agent's certificate, and was not an approval of the application in the sense of acceptance by appellant of the application as completing a contract of insurance.

[13] But, if such is not its plain and manifest import, then the matter is one of uncertainty of meaning, and the court erred in refusing to permit the witness for defendant to testify that the approval related solely to the agent's preceding certificate.

[14] Again, the court erred in refusing to permit the witnesses to testify that Behrens' was without authority to complete contracts of insurance by acceptance of applications.

[15] The plaintiff had not declared upon an acceptance by Behrens, the district agent. The second count declared upon an acceptance at the home office. In the state of the plaintiff's pleadings there was no occasion for the defendant to make a verified denial of Behrens' authority to consummate a written contract of insurance. The issue of acceptance of the application by Behrens was not tendered by appellee's pleadings, and the court should not have considered same for any purpose. If it did go into the same, it should have admitted the evidence tendered with respect to his authority. Texas & P. Ry. Co. v. Byers (Tex. Civ. App.) 73 S. W. 427; Richards v. Osborne (Tex. Civ. App.) 164 S. W. 392.

[16] The mere fact that Behrens was designated as a general agent did not make him the alter ego of the company for all purposes. McAlpin v. Cassidy, 17 Tex. 450; 2 C. J. 581.

There is no issue of apparent authority to complete contracts of insurance conferred upon Behrens. There is no evidence whatever of the company holding him out as having such authority. 2 C. J. 574.

"Life insurance agents are rarely, if ever, "general" agents in the sense that they execute and deliver policies, as is often done in the business of fire insurance, but they often have and exercise general control or power with respect to the particular brand of the business committed to their hands, and to that extent at least are general agents." 37 C. J. 378.

[17] Appellant stresses the fact that Boles had not in fact paid the first premium, but we attach no importance to this because the evidence shows the district agent, when he sent the application to the home office, remitted the appellant's share of the first premium. There is nothing in the application to condition liability of the appellant upon previous payment of the premium to the district agent, Behrens, or the soliciting agent, Goldthwaite. As between those agents and Boles the former had extended credit to the latter for the first premium.

[18] We would perhaps be authorized to reverse and here render this case, but it appears to have been tried and judgment rendered upon evidence which is not supported by the pleadings and an erroneous conception of the controlling rules of law.

The findings and conclusions are contradictory. It may possibly be that upon retrial a cause of action may be shown under proper pleadings. For that reason the case will not be reversed and rendered, but remanded for retrial.

We have not undertaken to discuss in detail the numerous assignments and propositions which, in the state of the record, the appellant has been under the necessity of presenting. The views expressed herein should be sufficient guide for the purpose of the retrial.

[19] With respect to the action of the court in excluding evidence offered by defendant to show the authority conferred up-

on its agents, Behrens and Goldthwaite, we call attention to the rule that under proper pleadings such evidence is admissible, even though upon other evidence it might appear that the company was estopped to deny their authority in the premises. The estoppel does not affect the admissibility of evidence of a limited authority, but simply avoids its effect. Tres Palacios R. & I. Co. v. Eidman, 41 Tex. Civ. App. 542, 93 S. W. 698.

Reversed and remanded.