

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-042-CV

ERIKA BROWN                                                          APPELLANT

V.

AMERICAN FIDELITY                                                    APPELLEES
ASSURANCE COMPANY
AND TERRAHEALTH, INC.

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Erika Brown appeals the trial court's grant of summary judgment in favor of Appellees American Fidelity Assurance Company and TerraHealth, Inc. In three issues, Brown argues that the trial court erred by

---

[1] *See* Tex. R. App. P. 47.4.

(1) overruling some of her special exceptions and objections to Appellees' motions for summary judgment, (2) granting TerraHealth's motion for summary judgment, and (3) granting American Fidelity's motion for summary judgment. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

TerraHealth provides medical staffing, medical consulting, and IT support for healthcare delivery systems. TerraHealth offers its employees a voluntary life insurance benefit through American Fidelity. Employees who choose to participate are required to pay the entire premium for the coverage that they have chosen.

Natalie Perez began working for TerraHealth on November 13, 2003. On that day, TerraHealth's human resources manager Ginger Liles gave Perez the enrollment forms for various types of insurance and told her how much each would cost. Liles did not have any discussions with Perez about underwriting or where the applications would be sent.

With Liles's help, Perez filled out an application for a life insurance policy in the amount of $249,000, which was to be issued by American Fidelity. On the application, Perez named her sister, Brown, as the primary beneficiary of the policy. After Perez completed the application, Liles sent it to a broker who was

2

to forward it to American Fidelity. Liles told Perez that the effective date for the life insurance policy would be December 1, 2003.

Perez died on December 2, 2003. Several days later, American Fidelity received Perez's application for life insurance. On January 8, 2004, not having received word of Perez's death, Paula Prentice of American Fidelity sent a fax to one of TerraHealth's employees stating that Perez needed to complete an additional form so that American Fidelity could finish processing Perez's application. Ultimately, the Estate of Natalie Perez[2] filed a claim with American Fidelity. American Fidelity notified the estate in a letter dated February 10, 2004, that it had not approved Perez's life insurance application because Perez had not completed a required exam prior to her death.

Brown thereafter filed suit against Appellees. Brown alleged causes of action against American Fidelity for breach of insurance contract, violations of Texas Insurance Code article 21.21, failure to promptly pay her claims under the policy, violations of the Texas Deceptive Trade Practices Act (DTPA), and breach of the duty of good faith. Brown alleged causes of action against TerraHealth for violations of the DTPA and negligent misrepresentation. TerraHealth and American Fidelity filed separate motions for summary

---

[2] Following Perez's death, an estate was opened, and the probate court appointed Anthony A. Perez as temporary administrator of the estate.

3

judgment, along with several supplemental motions. After reviewing the Appellees' motions for summary judgment and the amendments and supplements thereto, as well as Brown's responses; hearing the arguments of the parties; and considering the summary judgment evidence offered by all parties, the trial court granted Appellees' motions for summary judgment and signed a take-nothing judgment in Appellees' favor on all of Brown's claims against both Appellees. Brown filed a motion for new trial, which the trial court denied. This appeal followed.

### III. SUMMARY JUDGMENT STANDARD OF REVIEW

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable

4

inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus., Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

### IV. SUMMARY JUDGMENT PROPERLY GRANTED FOR AMERICAN FIDELITY

In her third issue, Brown argues that the trial court erred by granting American Fidelity's motion for summary judgment. Brown contends that Perez's application for life insurance constitutes a policy and that therefore a valid, enforceable contract existed between Perez and American Fidelity.

The essential elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the

5

plaintiff. *Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614, 622–23 (Tex. App.—Fort Worth 2005, no pet.). A valid and binding contract is formed by (1) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Critchfield v. Smith,* 151 S.W.3d 225, 233 (Tex. App.—Tyler 2004, pet. denied).

Here, the application is just that—an application. It is titled "Individual Life Application" and requests the "Proposed Insured['s] Information." It further states, "I understand that the information collected will be used to determine my eligibility for insurance." The record reflects that as of the date of Perez's death, her application had not been received by American Fidelity; there is no evidence that prior to Perez's death American Fidelity knew that she was an employee of TerraHealth, and there is no evidence that as of the date she died, anyone at American Fidelity even knew that Perez had filled out an American Fidelity insurance application. Although Brown argues that the agent's signature on the application somehow converts the application into a contract, this simply is not the case. *See Mo. State Life Ins. Co. v. Boles*, 288 S.W. 271, 274 (Tex. Civ. App.—El Paso 1926, writ dism'd w.o.j.) (stating that it is manifest upon the face of the instrument that district agent's approval related

6

to the preceding agent's certificate; it was not an approval of the application in the sense of acceptance by the insurance company of the application). In order to process the application, American Fidelity required an exam and additional paperwork, neither of which was completed before Perez died. Thus, no valid, enforceable life insurance contract existed at Perez's death.

No valid and enforceable contract existed between Perez and American Fidelity; thus, American Fidelity has conclusively, as a matter of law, defeated an essential element of Brown's breach of contract claim.[3] Moreover, without a contract and without any evidence that American Fidelity ever spoke to or dealt with Perez, Brown's causes of action for violations of Texas Insurance Code article 21.21, failure to promptly pay her claims under the policy, violations of the DTPA, and breach of the duty of good faith must also fail. After reviewing the record in the light most favorable to the nonmovant, we hold that the trial court properly granted summary judgment for American Fidelity on all of Brown's causes of action. We therefore overrule Brown's third issue.

---

[3] ... There is also no evidence of an implied-in-fact contract. The fact that TerraHealth deducted payments for life insurance (and later reimbursed the estate for them) cannot create a contract between Brown and American Fidelity when American Fidelity had not received Perez's paperwork as of December 1.

## V. TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT FOR TERRAHEALTH

In her second issue, Brown argues that the trial court erred by granting TerraHealth's combined no-evidence and traditional motion for summary judgment. Brown contends that TerraHealth is liable for negligent misrepresentation because Liles misrepresented the effective date of insurance coverage to Perez. Brown also pleads her DTPA claim jointly against American Fidelity and TerraHealth.

The elements of a claim for negligent misrepresentation are as follows: (1) the representation is made by a defendant in the course of his business or in a transaction in which it has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). The "false information" contemplated in a negligent misrepresentation case is a misstatement of existing fact, not a promise of future conduct. *See Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

A consumer may maintain a DTPA action against a defendant who uses or employs a false, misleading, or deceptive act or practice that is

8

(1) specifically enumerated in a subdivision of subsection (b) of section 17.46 and (2) relied on by the consumer to the consumer's detriment. *See* Tex. Bus. & Com. Code Ann. § 17.50(a)(1) (Vernon Supp. 2009). Brown pleaded that TerraHealth had violated section 17.46(b) of the DTPA by committing one or more of the following acts:

> (a) Causing confusion or misunderstanding as to Insurer's and/or Employer's goods and services [by stating that they] had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they did not have;

> (b) Representing that the agreement between the parties confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and/or

> (c) Failing to disclose information concerning goods and services which was known to Insurer and/or Employer at the time of the transaction, and such failure to disclose was intended to induce Plaintiff into a transaction which [s]he would not have entered had the information been disclosed.

*See also* Tex. Bus. & Com. Code Ann. § 17.46(b)(5), (12), (24) (Vernon Supp. 2009) (defining "false, misleading, or deceptive acts or practices" to include the above acts).

Here, there is no evidence to support the second and third elements of Brown's claim for negligent misrepresentation. The summary judgment evidence shows that an American Fidelity new business status worksheet listed the effective date of Perez's proposed policy as December 1. In fact, Brown's

own expert testified in his deposition that Liles had followed American Fidelity's procedures by providing Perez with an effective date of December 1 for Perez's proposed policy. No evidence exists that the December 1 effective date given by Liles to Perez was false or that if Perez had completed the application process and received a policy it would not have had an effective date of December 1. Consequently, the trial court properly granted TerraHealth's no-evidence motion for summary judgment on Brown's negligent misrepresentation claim.

Likewise, no summary judgment evidence exists that TerraHealth employed false, misleading, or deceptive acts or practices under section 17.46(b) of the DTPA when it acted as a conduit in passing along the American Fidelity life insurance application to Perez and when it provided information to Perez about the application that Brown's expert conceded was appropriate. Accordingly, no evidence exists that TerraHealth engaged in any false, misleading, or deceptive act as required for Brown to state a cause of action under the DTPA subsections she pleaded. *See* Tex. Bus. & Com. Code Ann. § 17.46(b)(5), (12), (24); *Chausse v. Dallas Cowboys Football Club, Ltd.*, No. 05-96-00429-CV, 1997 WL 739556, at *6 (Tex. App.—Dallas Dec. 2, 1997, pet. denied) (not designated for publication) (holding that to the extent season ticket holders relied on misrepresentations as their basis for DTPA claims, their

10

argument had no merit as to the Cowdens because there was no evidence the Cowboys made any misrepresentation to them). Consequently, the trial court properly granted TerraHealth's no-evidence motion for summary judgment on Brown's DTPA claims. We overrule Brown's second issue.[4]

## VI. SPECIAL EXCEPTIONS

In her first issue, Brown argues that the trial court erred by overruling some of her special exceptions and objections to Appellees' motions for summary judgment. We address each of the special exceptions and objections below.

### A. Standard of Review

We review a trial court's ruling on special exceptions for abuse of discretion. *Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.). If the court has acted without reference to guiding rules and principles, then it has abused its discretion. *Id.* On appeal, we accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in the excepted to pleadings. *Sorokolit*

---

[4] Because we hold that the trial court correctly granted TerraHealth's no-evidence motion for summary judgment, we need not address Brown's complaints concerning the granting of TerraHealth's traditional motion for summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

*v. Rhodes,* 889 S.W.2d 239, 240 (Tex. 1994). We liberally construe pleadings because special exceptions are only a challenge to determine if the fair notice requirements of pleadings have been met. *See Wortham v. Dow Chem. Co.,* 179 S.W.3d 189, 198–99 (Tex. App.—Houston [14th Dist.] 2005, no pet.). If by examining the plaintiff's pleadings alone, we may ascertain with reasonable certainty the elements of a cause of action and the relief sought, the pleading is sufficient. *Id.* at 198.

B.    Exceptions and Objections to TerraHealth's motion

Brown specially excepted and objected to TerraHealth's original motion for summary judgment on the basis that it was unclear whether it was brought as a traditional motion for summary judgment or a no-evidence motion for summary judgment. A review of TerraHealth's original motion for summary judgment reveals that it clearly asserted the standard of review for both traditional and no-evidence summary judgment motions. Consequently, there was sufficient basis for the trial court to overrule this special exception and objection.

Brown specially excepted and objected to TerraHealth's original motion for summary judgment, to the extent that it was deemed to be a no-evidence motion for summary judgment, on the basis that TerraHealth failed to identify the specific elements to which it alleged there was no evidence, including any

element of unconscionable action under the DTPA. TerraHealth's original motion for summary judgment, however, states that Brown cannot prove that any misrepresentation was made to Perez. And TerraHealth's second supplemental motion for summary judgment argues both that the information Liles provided to Perez was not false and that such representation was not unconscionable. Thus, there was sufficient basis for the trial court to overrule this special exception and objection.

Brown specially excepted and objected to paragraph 11 of TerraHealth's original motion for summary judgment on the basis that it erroneously asserted that "The Estate of Natalie Perez filed a claim with AFAC." This complained-of statement was not relevant in our analysis, as demonstrated above. Thus, the trial court could have granted TerraHealth's motion for summary judgment without considering the challenged statements or evidence. *See FWT, Inc. v. Haskin Wallace Mason Prop. Mgt., L.L.P.*, No. 02-08-00321-CV, 2009 WL 4114140, at *14 (Tex. App.—Fort Worth Nov. 25, 2009, no pet. h.).

Brown specially excepted and objected to exhibit B of TerraHealth's original motion for summary judgment to the extent that paragraph 8 of Liles's affidavit asserted that Liles "followed the procedures required by AFAC Assurance Company." As set forth above, Brown's own expert agreed with

13

this, so there was sufficient basis for the trial court to overrule this special exception and objection.

C.     Exceptions and Objections to American Fidelity's motion

Brown specially excepted and objected to American Fidelity's original motion for summary judgment on the basis that American Fidelity did not specify which of the elements of a valid, enforceable contract, if any, were being challenged.    American Fidelity's motion, however, challenged the existence of all five elements in arguing that there was no contract.    This provided sufficient basis for the trial court to overrule this special exception and objection; the other arguments that Brown makes along the lines of the breach of contract claim are also defeated by American Fidelity's argument that there was no contract.

Brown specially excepted and objected to an affidavit that was an exhibit to American Fidelity's motion for summary judgment.   This affidavit is not relevant in our analysis, as demonstrated above.   Thus, the trial court could have granted American Fidelity's motion for summary judgment without considering the challenged affidavit.   *See FWT, Inc.*, 2009 WL 4114140, at *14.

14

Because the trial court had sufficient bases for overruling Brown's special exceptions and objections to TerraHealth's and American Fidelity's motions for summary judgment, we overrule Brown's first issue.[5]

VII.  CONCLUSION

Having overruled Brown's three issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER and LIVINGSTON, JJ.

DELIVERED: January 14, 2010

---

[5] American Fidelity in its brief raises an issue on whether the trial court properly overruled its objections to Brown's summary judgment evidence. Based on our disposition of Brown's issues, we need not address American Fidelity's issue.  *See* Tex. R. App. P. 47.1.