COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-042-CV

 

 

ERIKA BROWN                                                                    APPELLANT

 

                                                   V.

 

AMERICAN FIDELITY                                                            APPELLEES

ASSURANCE COMPANY 

AND TERRAHEALTH, INC.

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant
Erika Brown appeals the trial court=s grant
of summary judgment in favor of Appellees American Fidelity Assurance Company
and TerraHealth, Inc.  In three issues,
Brown argues that the trial court erred by (1) overruling some of her
special exceptions and objections to Appellees= motions
for summary judgment, (2) granting TerraHealth=s motion
for summary judgment, and (3) granting American Fidelity=s motion
for summary judgment.  We will affirm.

II.  Factual and Procedural Background

TerraHealth
provides medical staffing, medical consulting, and IT support for healthcare
delivery systems.  TerraHealth offers its
employees a voluntary life insurance benefit through American Fidelity.  Employees who choose to participate are
required to pay the entire premium for the coverage that they have chosen. 

Natalie
Perez began working for TerraHealth on November 13, 2003.  On that day, TerraHealth=s human
resources manager Ginger Liles gave Perez the enrollment forms for various
types of insurance and told her how much each would cost.  Liles did not have any discussions with Perez
about underwriting or where the applications would be sent. 








With
Liles=s help,
Perez filled out an application for a life insurance policy in the amount of
$249,000, which was to be issued by American Fidelity.  On the application, Perez named her sister,
Brown, as the primary beneficiary of the policy.  After Perez completed the application, Liles
sent it to a broker who was to forward it to American Fidelity.  Liles told Perez that the effective date for
the life insurance policy would be December 1, 2003. 

Perez
died on December 2, 2003.  Several days
later, American Fidelity received Perez=s
application for life insurance.  On
January 8, 2004, not having received word of Perez=s death,
Paula Prentice of American Fidelity sent a fax to one of TerraHealth=s
employees stating that Perez needed to complete an additional form so that American
Fidelity could finish processing Perez=s
application.  Ultimately, the Estate of
Natalie Perez[2]
filed a claim with American Fidelity. 
American Fidelity notified the estate in a letter dated February 10,
2004, that it had not approved Perez=s life
insurance application because Perez had not completed a required exam prior to
her death.








Brown
thereafter filed suit against Appellees. 
Brown alleged causes of action against American Fidelity for breach of
insurance contract, violations of Texas Insurance Code article 21.21, failure
to promptly pay her claims under the policy, violations of the Texas Deceptive
Trade Practices Act (DTPA), and breach of the duty of good faith.  Brown alleged causes of action against
TerraHealth for violations of the DTPA and negligent misrepresentation.  TerraHealth and American Fidelity filed
separate motions for summary judgment, along with several supplemental
motions.  After reviewing the Appellees= motions
for summary judgment and the amendments and supplements thereto, as well as
Brown=s
responses; hearing the arguments of the parties; and considering the summary
judgment evidence offered by all parties, the trial court granted Appellees= motions
for summary judgment and signed a take-nothing judgment in Appellees= favor
on all of Brown=s claims against both
Appellees.  Brown filed a motion for new
trial, which the trial court denied. 
This appeal followed.

III.  Summary Judgment Standard of Review

After an
adequate time for discovery, the party without the burden of proof may, without
presenting evidence, move for summary judgment on the ground that there is no
evidence to support an essential element of the nonmovant=s claim
or defense.  Tex. R. Civ. P.
166a(i).  The motion must specifically
state the elements for which there is no evidence.  Id.; Timpte Indus., Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009).  The
trial court must grant the motion unless the nonmovant produces summary
judgment evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) &
cmt.; Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).








When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion. 
Sudan v. Sudan,  199 S.W.3d
291, 292 (Tex. 2006).  We review a no‑evidence
summary judgment for evidence that would enable reasonable and fair‑minded
jurors to differ in their conclusions.  Hamilton,
249 S.W.3d at 426 (citing City of Keller v. Wilson, 168 S.W.3d 802, 822
(Tex. 2005)).  We credit evidence
favorable to the nonmovant if reasonable jurors could, and we disregard
evidence contrary to the nonmovant unless reasonable jurors could not.  Timpte Indus., Inc., 286 S.W.3d at 310
(quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex.
2006)).  If the nonmovant brings forward
more than a scintilla of probative evidence that raises a genuine issue of
material fact, then a no-evidence summary judgment is not proper.  Smith v. O=Donnell, 288
S.W.3d 417, 424 (Tex. 2009).

IV.  Summary Judgment Properly Granted for
American Fidelity

In her
third issue, Brown argues that the trial court erred by granting American
Fidelity=s motion
for summary judgment.  Brown contends
that Perez=s application for life insurance
constitutes a policy and that therefore a valid, enforceable contract existed
between Perez and American Fidelity.








The
essential elements of a breach of contract claim are (1) the existence of a
valid contract, (2) performance or tendered performance by the plaintiff, (3)
breach of the contract by the defendant, and (4) resulting damages to the
plaintiff.  Harris v. Am. Prot. Ins.
Co., 158 S.W.3d 614, 622B23 (Tex.
App.CFort
Worth 2005, no pet.).  A valid and
binding contract is formed by (1) an offer, (2) an acceptance in strict compliance
with the terms of the offer, (3) a meeting of the minds, (4) each party=s
consent to the terms, and (5) execution and delivery of the contract with
the intent that it be mutual and binding.  Critchfield v. Smith, 151 S.W.3d 225, 233
(Tex. App.CTyler 2004, pet. denied).








Here,
the application is just thatCan
application.  It is titled AIndividual
Life Application@ and requests the AProposed
Insured[>s]
Information.@ 
It further states, AI
understand that the information collected will be used to determine my
eligibility for insurance.@  The record reflects that as of the date of
Perez=s death,
her application had not been received by American Fidelity; there is no
evidence that prior to Perez=s death
American Fidelity knew that she was an employee of TerraHealth, and there is no
evidence that as of the date she died, anyone at American Fidelity even knew
that Perez had filled out an American Fidelity insurance application.  Although Brown argues that the agent=s
signature on the application somehow converts the application into a contract,
this simply is not the case.  See Mo.
State Life Ins. Co. v. Boles, 288 S.W. 271, 274 (Tex. Civ. App.CEl Paso
1926, writ dism=d w.o.j.) (stating that it is
manifest upon the face of the instrument that district agent=s
approval related to the preceding agent=s
certificate; it was not an approval of the application in the sense of
acceptance by the insurance company of the application).  In order to process the application, American
Fidelity required an exam and additional paperwork, neither of which was
completed before Perez died.  Thus, no
valid, enforceable life insurance contract existed at Perez=s death.

No valid
and enforceable contract existed between Perez and American Fidelity; thus,
American Fidelity has conclusively, as a matter of law, defeated an essential
element of Brown=s breach of contract claim.[3]  Moreover, without a contract and without any
evidence that American Fidelity ever spoke to or dealt with Perez, Brown=s causes
of action for violations of Texas Insurance Code article 21.21, failure to
promptly pay her claims under the policy, violations of the DTPA, and breach of
the duty of good faith must also fail. 
After reviewing the record in the light most favorable to the nonmovant,
we hold that the trial court properly granted summary judgment for American
Fidelity on all of Brown=s causes of action.  We therefore overrule Brown=s third
issue.








V.  Trial Court Properly Granted Summary Judgment
for TerraHealth

In her
second issue, Brown argues that the trial court erred by granting TerraHealth=s
combined no-evidence and traditional motion for summary judgment.  Brown contends that TerraHealth is liable for
negligent misrepresentation because Liles misrepresented the effective date of
insurance coverage to Perez.  Brown also
pleads her DTPA claim jointly against American Fidelity and TerraHealth. 

The
elements of a claim for negligent misrepresentation are as follows: (1) the
representation is made by a defendant in the course of his business or in a
transaction in which it has a pecuniary interest; (2) the defendant supplies
false information for the guidance of others in their business; (3) the
defendant did not exercise reasonable care or competence in obtaining or
communicating the information; and (4) the plaintiff suffers pecuniary loss by
justifiably relying on the representation. 
Fed. Land Bank Ass=n v.
Sloane, 825 S.W.2d 439, 442 (Tex. 1991). 
The Afalse information@
contemplated in a negligent misrepresentation case is a misstatement of
existing fact, not a promise of future conduct. 
See Allied Vista, Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App.CHouston
[14th Dist.] 1999, pet. denied). 








A
consumer may maintain a DTPA action against a defendant who uses or employs a
false, misleading, or deceptive act or practice that is (1) specifically
enumerated in a subdivision of subsection (b) of section 17.46 and (2) relied
on by the consumer to the consumer=s
detriment.  See Tex. Bus. &
Com. Code Ann. ' 17.50(a)(1) (Vernon Supp.
2009).  Brown pleaded that TerraHealth
had violated section 17.46(b) of the DTPA by committing one or more of the
following acts:

(a) Causing confusion or misunderstanding as to
Insurer=s and/or Employer=s goods and services [by
stating that they] had sponsorship, approval, characteristics, ingredients,
uses, benefits, or quantities that they did not have;

 

(b) Representing that the agreement between the
parties confers or involves rights, remedies, or obligations that it does not
have or involve, or that are prohibited by law; and/or

 

(c) Failing to disclose information concerning
goods and services which was known to Insurer and/or Employer at the time of
the transaction, and such failure to disclose was intended to induce Plaintiff
into a transaction which [s]he would not have entered had the information been
disclosed. 

 

See also Tex.
Bus. & Com. Code Ann. ' 17.46(b)(5),
(12), (24) (Vernon Supp. 2009) (defining Afalse,
misleading, or deceptive acts or practices@ to
include the above acts).








Here,
there is no evidence to support the second and third elements of Brown=s claim
for negligent misrepresentation.  The
summary judgment evidence shows that an American Fidelity new business status
worksheet listed the effective date of Perez=s
proposed policy as December 1.  In fact,
Brown=s own
expert testified in his deposition that Liles had followed American Fidelity=s
procedures by providing Perez with an effective date of December 1 for Perez=s
proposed policy.  No evidence exists that
the December 1 effective date given by Liles to Perez was false or that if
Perez had completed the application process and received a policy it would not
have had an effective date of December 1. 
Consequently, the trial court properly granted TerraHealth=s
no-evidence motion for summary judgment on Brown=s
negligent misrepresentation claim.








Likewise,
no summary judgment evidence exists that TerraHealth employed false,
misleading, or deceptive acts or practices under section 17.46(b) of the DTPA
when it acted as a conduit in passing along the American Fidelity life
insurance application to Perez and when it provided information to Perez about
the application that Brown=s expert
conceded was appropriate.  Accordingly,
no evidence exists that TerraHealth engaged in any false, misleading, or deceptive
act as required for Brown to state a cause of action under the DTPA subsections
she pleaded.  See Tex. Bus. &
Com. Code Ann. ' 17.46(b)(5), (12), (24); Chausse
v. Dallas Cowboys Football Club, Ltd., No. 05-96-00429-CV, 1997 WL 739556,
at *6 (Tex. App.CDallas Dec. 2, 1997, pet.
denied) (not designated for publication) (holding that to the extent season
ticket holders relied on misrepresentations as their basis for DTPA claims, their
argument had no merit as to the Cowdens because there was no evidence the
Cowboys made any misrepresentation to them). 
Consequently, the trial court properly granted TerraHealth=s
no-evidence motion for summary judgment on Brown=s DTPA
claims.  We overrule Brown=s second
issue.[4]

VI.  Special Exceptions

In her
first issue, Brown argues that the trial court erred by overruling some of her
special exceptions and objections to Appellees= motions
for summary judgment.  We address each of
the special exceptions and objections below.

A.     Standard of Review








We
review a trial court=s ruling on special exceptions
for abuse of discretion.  Ross v.
Goldstein, 203 S.W.3d 508, 512 (Tex. App.CHouston
[14th Dist.] 2006, no pet.).  If the
court has acted without reference to guiding rules and principles, then it has
abused its discretion.  Id.  On appeal, we accept as true all material
factual allegations and all factual statements reasonably inferred from the
allegations set forth in the excepted to pleadings.  Sorokolit v. Rhodes, 889 S.W.2d 239,
240 (Tex. 1994).  We liberally construe
pleadings because special exceptions are only a challenge to determine if the
fair notice requirements of pleadings have been met.  See Wortham v. Dow Chem. Co., 179
S.W.3d 189, 198B99 (Tex. App.CHouston
[14th Dist.] 2005, no pet.).  If by
examining the plaintiff=s pleadings alone, we may
ascertain with reasonable certainty the elements of a cause of action and the
relief sought, the pleading is sufficient. 
Id. at 198.

B.     Exceptions and Objections
to TerraHealth=s motion

Brown
specially excepted and objected to TerraHealth=s
original motion for summary judgment on the basis that it was unclear whether
it was brought as a traditional motion for summary judgment or a no-evidence
motion for summary judgment.  A review of
TerraHealth=s original motion for summary
judgment reveals that it clearly asserted the standard of review for both
traditional and no-evidence summary judgment motions.  Consequently, there was sufficient basis for
the trial court to overrule this special exception and objection.








Brown
specially excepted and objected to TerraHealth=s
original motion for summary judgment, to the extent that it was deemed to be a
no-evidence motion for summary judgment, on the basis that TerraHealth failed
to identify the specific elements to which it alleged there was no evidence,
including any element of unconscionable action under the DTPA.  TerraHealth=s
original motion for summary judgment, however, states that Brown cannot prove
that any misrepresentation was made to Perez. 
And TerraHealth=s second supplemental motion for
summary judgment argues both that the information Liles provided to Perez was
not false and that such representation was not unconscionable.  Thus, there was sufficient basis for the
trial court to overrule this special exception and objection.

Brown
specially excepted and objected to paragraph 11 of TerraHealth=s
original motion for summary judgment on the basis that it erroneously asserted
that AThe
Estate of Natalie Perez filed a claim with AFAC.@  This complained-of statement was not relevant
in our analysis, as demonstrated above. 
Thus, the trial court could have granted TerraHealth=s motion
for summary judgment without considering the challenged statements or
evidence.  See FWT, Inc. v. Haskin
Wallace Mason Prop. Mgt., L.L.P., No. 02-08-00321-CV, 2009 WL 4114140, at
*14 (Tex. App.CFort Worth Nov. 25, 2009, no
pet. h.).








Brown
specially excepted and objected to exhibit B of TerraHealth=s
original motion for summary judgment to the extent that paragraph 8 of Liles=s
affidavit asserted that Liles Afollowed
the procedures required by AFAC Assurance Company.@  As set forth above, Brown=s own
expert agreed with this, so there was sufficient basis for the trial court to
overrule this special exception and objection.

C.     Exceptions and Objections
to American Fidelity=s motion

Brown
specially excepted and objected to American Fidelity=s
original motion for summary judgment on the basis that American Fidelity did
not specify which of the elements of a valid, enforceable contract, if any,
were being challenged.  American Fidelity=s
motion, however, challenged the existence of all five elements in arguing that
there was no contract.  This provided
sufficient basis for the trial court to overrule this special exception and
objection; the other arguments that Brown makes along the lines of the breach
of contract claim are also defeated by American Fidelity=s
argument that there was no contract.

Brown
specially excepted and objected to an affidavit that was an exhibit to American
Fidelity=s motion
for summary judgment.  This affidavit is
not relevant in our analysis, as demonstrated above.  Thus, the trial court could have granted
American Fidelity=s motion for summary judgment
without considering the challenged affidavit. 
See FWT, Inc., 2009 WL 4114140, at *14.








Because
the trial court had sufficient bases for overruling Brown=s
special exceptions and objections to TerraHealth=s and
American Fidelity=s motions for summary judgment,
we overrule Brown=s first issue.[5]

VII.  Conclusion

Having
overruled Brown=s three issues, we affirm the
trial court=s judgment.

 

PER CURIAM

 

 

PANEL:  WALKER and LIVINGSTON,
JJ.

 

DELIVERED: January 14, 2010











[1]See Tex. R. App. P. 47.4.





[2]Following Perez=s death, an estate was
opened, and the probate court appointed Anthony A. Perez as temporary
administrator of the estate.





[3]There is also no evidence
of an implied-in-fact contract.  The fact
that TerraHealth deducted payments for life insurance (and later reimbursed the
estate for them) cannot create a contract between Brown and American Fidelity
when American Fidelity had not received Perez=s paperwork as of
December 1.





[4]Because we hold that the
trial court correctly granted TerraHealth=s no-evidence motion for summary judgment, we
need not address Brown=s complaints concerning
the granting of TerraHealth=s traditional motion for summary judgment.  See Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004).





[5]American Fidelity in its
brief raises an issue on whether the trial court properly overruled its
objections to Brown=s summary judgment
evidence.  Based on our disposition of
Brown=s issues, we need not
address American Fidelity=s issue.  See Tex. R. App. P. 47.1.